JAMES WARMOCK, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. The court should not express the opinion to the jury that the facts (stating them) "make not a slight, but a strong circumstance from which they could infer that the pistol was concealed."

2. Counsel have the right to present their view of the law as well as the facts to the jury, especially in criminal cases, subject of course to the control of the court in the charge. Without this right, there can be no intelligent application of the law to the facts.

Criminal law. Charge of court. Before Judge WRIGHT. Appling Superior Court. September Term, 1875.

Reported in the opinion.

G. J. HOLTON; D. M. ROBERTS, by brief, for plaintiff in error.

S. W. HITCH, solicitor general, for the state.

JACKSON, Judge.

The defendant was indicted and convicted of the offense of carrying concealed weapons. He moved for a new trial on the ground of two errors in the court on his trial:

First, that the court charged the jury "that when two men standing together face to face, one raising his hand from his side, exhibiting his pistol, and then dropping his hand, and the other did not see it before or after he raised it, having a fair chance to see it, it was not a slight but a strong circumstance from which they could infer that the pistol was conconcealed." We think that the court erred in this charge on the authority of the case of *Stephenson vs. The State,* 40 *Georgia Reports,* 291. That case covers this all over.

The second error assigned is, that the court erred in not allowing counsel to present his view of the law of the case to the jury, but interrupted him, and said that matters of law should be argued to the court, and facts to the jury. We have ruled at this term that in a civil case counsel have a

right to present their views of the law so as to discuss the facts intelligently to the jury, and we ruled at the last term that counsel could, in the hearing of the court and subject of course to his correction in the charge, read and comment on law to the jury in a criminal case: See *Ransone vs. Christian*, page 353; *McMath vs. The State, 55 Georgia Reports*, 303. We think the court erred in withholding this right.

Let the judgment be reversed.