POWELL *vs.* THE STATE OF GEORGIA.

1. The verdict is not contrary to law or the evidence.
2. An objection that the judge, in a murder case, failed to amplify his charge on the subject of reasonable fears will not necessitate a new trial, where it appears that no request to charge on that point was made, and that the charge as given contained substantially the amplification desired.
3. Counsel may read and comment on the law to the jury in a criminal case. During the argument he may invoke the opinion of the court upon any principle of law involved in the case, and the court may rule upon it in his charge, or at the time, if his mind is settled in regard to it.

4. Where a motion for new trial was set for a hearing during a certain session of the superior court, and was heard at that time, the court had the right to withhold its decision for further consideration without any order for that purpose. In the present case, moreover, the decision was rendered during the term.

Criminal Law. Charge of Court. Practice in the Superior Court. New trial. Before Judge PATE. Telfair Superior Court. April Term, 1880.

Reported in the decision.

ROBERTS & DeLACY; C. C. SMITH ; WILLIAM McRAE; L. A. HALL, for plaintiff in error.

R. N. ELY, attorney-general; THOMAS EASON, solicitor-general, by Z. D. HARRISON, for the state.

CRAWFORD, Justice.

. Charles Powell, having been found guilty of murder, moved the court below to grant him a new trial, which was overruled, and he alleges this ruling as error, because the jury convicted him contrary to evidence and law, contrary to the charge of the court, and because other errors were committed during the trial in the charge and afterwards.

1. We have given to this case that consideration which its importance demands, and that too whilst it might have been dismissed on motion. We have reviewed the testimony set out in the record, to ascertain whether or not the plaintiff in error was found guilty contrary to evidence and law.

It appears that the deceased and the accused were at the store of a Mr. Bullard, in McVille—that the prisoner was boasting of what he intended to do at a ball which was to take place in the neighborhood that evening, to which the deceased replied in words of kindly caution, that seem to have given the gravest possible offense to

the prisoner.   The deceased then left him and went over to the store of a Mr. Durden, where the prisoner followed him and renewed the conversation, which soon led to mutual curses, and prisoner said to the deceased who was seated on a bench: " You are a G—d d—n s—n of a b—tch," deceased arose and said, " don't call me that, I give it to no man and don't want any man to give it to me," at the same time advancing towards prisoner, who stepped back a few feet, drew his pistol and fired upon him twice, the second of which shots took effect in deceased's right side, who staggered back, fell and in a few minutes expired.   Some effort was made to show that the deceased had one hand behind him, indicating that he had a weapon in it, but the eye witnesses to the transaction testify that he did not appear to realize the danger in which he stood until the fatal shot was fired.   Some threats were sworn to, but evidently unbelieved by the jury, and even if they had been, they were insufficient under the *res gestae* to have justified the homicide.

It is complained that the jury found contrary to the charge of the court as set out in the third ground of error, and which is as follows : If the defendant, at the time of the killing, was acting under the influence of a reasonable fear, it was justifiable homicide; admitting this to be so, it should not arrest the finding of the jury as the charge was more favorable to the accused than the law authorized.   And besides, even as it was, the jury, who were the judges, by their verdict say that he was not acting under the influence of a reasonable fear.

2. Another ground of error is that the judge did not amplify that part of his charge upon justifiable homicide, by adding that if the defendant really believed that his life was in danger, and acted under the influence of fear, then it would be justifiable homicide.   The judge certifies that there was no request to charge further upon that branch of the law, but that he did charge that if circumstances at the time appeared to the prisoner to be such as

to excite the fears of a reasonable man, and that he acted under those fears, and not in a spirit of revenge, then it would be justifiable homicide. If there were any objection to the charge as set out in this ground, it was certainly removed by the further charge as here certified to have been amplified and explained.

3. The fifth ground of error as corrected by the judge is, that whilst counsel for the prisoner was arguing the case, he called the attention of the court to this principle laid down in the head-note of the case of Grainger *vs.* The State of Tennessee. "If a man, though in no great danger of serious bodily harm, through fear, alarm or cowardice, kill another under the impression that great bodily injury is about to be inflicted upon him, it is neither manslaughter nor murder, but self-defense." In reply to which the judge stated in the presence and hearing of the jury, that this was not the law of Georgia.

This court has ruled that counsel may read and comment on the law to a jury in a criminal case, and we re-affirm that ruling. Counsel may, during the argument, invoke the opinion of the judge upon any principle of law in the case, and it may be given at the time, or in the final charge ; if, however, the mind of the judge is made up and settled, we see no reason why he may not announce it at the time, and in the presence of the jury.

4. The last ground of error complained of is, that the order for the hearing of the motion for a new trial set the same "to be heard at any time during Pulaski superior court, to-wit: the second and third weeks in May next, and be determined during said Pulaski superior court," and that although the said motion was argued during the first week of the court, no judgment was pronounced until the twenty-fifth day of the said month, and that no order was taken extending the time within which to pass upon the motion. By the order taken it was provided that the motion was to be determined during the court, and the judge certifies that the court was in session when the

judgment was rendered, but if it were not, and the motion had been argued at the time named, it was lawful for the judge to hold it up for further consideration without an order. *Curia advisari vult* is an inherent right existing in the court. Moreover, we can see no advantage to the plaintiff in error to have his motion for a new trial fall, when it would leave the original judgment of force and himself under the sentence of death.

Having examined and considered all the grounds of this motion for a new trial, we are unable under the law to grant it, and therefore the judgment stands affirmed.

Judgment affirmed.