## CRIBB *v.* THE STATE.

1. Courts of record have inherent power to adjourn from day to day and from week to week.
2. The judge may by oral order in open court fix the date of the adjourned session.
3. It is the duty of the clerk to make a note of such oral order on the minutes, but his failure so to do is an irregularity which is not fatal to the validity of the adjourned session. The minutes may be corrected nunc pro tunc.
4. In the present case it affirmatively appears from the defendant's plea that the order of adjournment was regularly made in open court.
5. Where a superior court is required to continue its session for more than one week, the statute requires. the judge to summon a separate panel of jurors for each week.
6. But where the act does not designate the length of the term, the judge may adjourn court from week to week, and require the attendance of the same panel during the adjourned session.
7. During the first week of the term the judge may also draw tales jurors for attendance during the adjourned session.
8. Voluntary drunkenness is no excuse for crime, and the courts will not enter upon an inquiry as to whether the intoxicating liquor was pure or impure, or, by reason of drugs or adulteration, peculiarly calculated to affect the mind of the defendant.
9. In a criminal case counsel may read law to a jury with so much of the facts stated in an opinion as may be necessary to illustrate the principle ruled.
10. But it is not permissible by such use of authority to introduce evidence, or thus indirectly to establish facts which might influence the jury.
11. It does not appear that the rule was violated in the present case.
12. The verdict was supported by the evidence, and no error of law was committed.

Argued July 22, — Decided August 11, 1903.

Indictment for murder. Before Judge Parker. Coffee superior court. June 18, 1903.

The regular term of Coffee superior court began on the fourth Monday in March, 1903.　　On Friday, March 27, the judge announced orally that the court would take a recess until Monday, March 30.　"Such oral announcement was not noted on the minutes of said court by the clerk thereof, and there does not now appear on the minutes of said court any entry or reference to the alleged recess aforementioned."　The regular panel of jurors were instructed to attend on the following Monday morning, and during the first week the judge also drew from the jury-box sixty additional jurors, who were summoned and required to appear on Monday, March 30.　During the adjourned session the case against Cribb, charged with murder, was called.　His counsel insisted that, there being no written order for a special term, the court was not legally organized, and, that objection being overruled, challenged the array on the ground that the panel had served and the talesmen had been drawn during the preceding week.　All of these objections having been overruled, and a verdict of guilty without recommendation having been returned, the defendant made a motion for a new trial, and excepts to the judgment refusing the same.

*Quincey & McDonald* and *Leon A. Wilson*, for plaintiff in error.
*John C. Hart*, attorney-general, and *John W. Bennett, solicitor-general*, contra.

LAMAR, J.　It is one of the inherent powers of a court of record to adjourn from day to day, and from week to week, — the oral direction of the judge to that effect being sufficient without a formal written order.　The announcement that "court will now adjourn until to-morrow morning," or "until Monday morning," is the last order of the day, and the code necessarily implies that this direction need not be immediately noted on the minutes, since they are not required to be read until the following morning.　Civil Code, § 4049.　It is of course extremely important that the clerk should indicate on the minutes the date to which the adjournment has been taken.　Civil Code, §§ 4336, 4360 par. 2, 4049.　But his failure to do so at the time may be subsequently cured by an order nunc pro tunc; for no court of record should ever adjourn for even a day without the order of adjournment appearing on its minutes. *Atlanta Ry. Co. v. Strickland*, 114 *Ga.* 1002.　But the failure of the clerk to keep proper minutes can not be allowed to destroy the

fact that there had been a proper order of adjournment, nor can his inattention to duty wipe out the valid order by which the court had been adjourned to the next week.    The necessities of the case require every presumption as to the validity of sessions of the courts, and that presumption can not be defeated by the misprision of a ministerial officer.    *Wise* v. *State*, 34 *Ga.* 353 (3); *Smith* v. *Ross*, 108 *Ga.* 199.    In this case it affirmatively appears from the defendant's plea that the adjournment was regularly announced in open court.

Where an act of the legislature requires the court to continue in session for more than one week, it is the duty of the judge to summon separate panels of jurors for each week; as in *Cochran* v. *State*, 113 *Ga.* 726, 733, where it appeared by the act of 1874 (Acts 1874, p. 42) that the superior court of Campbell county should be held not less than two weeks during each term, unless the business of the court should be sooner completed.    Penal Code, § 862.    But the requirement for separate panels does not apply to an adjourned or extra session.    *McAfee* v. *State*, 31 *Ga.* 411; *Brinkley* v. *State*, 54 *Ga.* 371 (6); Civil Code, § 4345.    In *Bridges* v. *State*, 103 *Ga.* 21 (2), the talesmen were not regularly or properly drawn.    Here they were.

Voluntary drunkenness afforded no excuse for killing the deceased, nor for the series of homicides committed by the defendant while under the influence of drink.    Penal Code, § 39.    There was no evidence on which to charge as to the effect of drugging the ale alleged to have been used by the defendant; nor can the courts establish a precedent which would authorize a chemical investigation as to whether the liquor was good or bad, pure or impure, drugged, or contained only malt, spirituous, or vinous qualities.    Drunkenness voluntarily produced by one sort of liquor is no more an excuse for crime than that caused by any other kind of intoxicating drink.

Counsel can not indirectly introduce evidence by reading statements of fact contained in published reports of this or any other court.    If it appear that the reading is for the purpose of establishing facts which might influence the jury, it would be the duty of the judge, on objection, to prevent the same.    Evidence which in one case produced a given result can afford no guide to a jury on the trial of another.    A verdict in one case is no standard of what should be done in what may be argued to be a similar case.

But while this is true, counsel have the right in a criminal case to read the law to the jury and comment thereon. Of course, for the purpose of making the application, it is frequently necessary to read the facts stated in the opinion, or contained in the report; and wherever they are read for the purpose of making clear the principle decided, it is entirely proper to read them, as well as the opinion. Of course, the jury must find their verdict on evidence produced for their consideration, and are not to be governed by what other juries have done, or other courts have decided in another case. The assignment of error here fails to show how the defendant could have been harmed by the reading complained of, or that the facts stated in the report were read for any purpose other than that of explaining the ruling of the court; nor is there any charge that the judge failed properly to instruct the jury. *Solomon* v. *State,* 100 *Ga.* 81; *McMath* v. *State,* 55 *Ga.* 303 (8); *Warnock* v. *State,* 56 *Ga.* 503 (2); *Powell* v. *State,* 65 *Ga.* 707 (2); *Rome R. Co.* v. *Barnett,* 94 *Ga.* 446 (2).

The verdict was demanded by the evidence, unless the defendant made out his plea of insanity, and as to that the evidence was conflicting, and the finding of the jury is fully sustained.

*Judgment affirmed. By five Justices.*