### 1407.  LONG *v.* THE STATE.

The evidence in behalf of the State was wholly circumstantial, and, not being inconsistent with a reasonable hypothesis of the defendant's innocence, the conviction of the defendant was unauthorized.

Accusation of adultery and fornication, from city court of Griffin—Judge Patterson.  September 12, 1908.

Argued October 27,—Decided November 10, 1908.

*Thomas W. Thurman,* for plaintiff in error.

*William H. Beck, solicitor,* contra.

RUSSELL, J.  The only evidence introduced against the defendant in the court below, on his trial for adultery and fornication, was proof that he was found in the same room with an unmarried woman at about nine o'clock at night, that the lamp in the room was turned low, and that neither of them had on shoes.  It was also in evidence that an inside door, connecting with an adjoining room, as well as the outside door, was closed.  There were two beds in the room, but the cover had not been turned down on either,. though one bed, as testified to by the policeman, appeared somewhat rumpled, and the pillow was indented and felt warm.  The woman who was alleged to have participated in the adultery and fornication was introduced as a witness, and testified, that neither on the occasion in question nor at any other time had the defendant ever had carnal knowledge of her person.  There is no evidence that she was of unsavory reputation.

We think that the court erred in not granting a new trial, for the reason that the evidence is insufficient to remove every other reasonable supposition than that of the defendant's guilt.  The circumstances are such as to raise, perhaps, a violent suspicion; but this is all.  From the proved facts the inference is as likely that the parties were about to commit the offense alleged in the accusation, and were prevented by the arrival of the two policemen, as that the act had already been consummated.  The fact that the parties were in a room adjoining another room, and connected with it by a door, in which were three other persons, who knew of the

presence of the defendant and the woman in question, in the absence of proof of bad character on her part would not be sufficient to raise a presumption inconsistent with innocence, and that the sole purpose of his presence with her was to commit the act of adultery and fornication. We recognize the well-settled rule that illicit intercourse may be inferred from the presence of a man at a house of ill fame, or from his exclusive presence in a closed room with a woman of an established reputation for lewdness. The evidence in this case, however, does not show that the house in question bore an evil reputation, or that the female bore other than a good reputation. Our decision is controlled by the ruling of the Supreme Court in the case of *Weems* v. *State*, 84 *Ga*. 461 (11 S. E. 501), and our ruling in *Murray* v. *State*, 2 *Ga. App.* 620 (58 S. E. 1060). 　　　　　　　　　　　　　　　*Judgment reversed.*

POWELL, J., dissenting. That rumpled bed and warm pillow, to my mind, speak more strongly of consummation experienced than of mere preparation thwarted.