### 5417.  CUMMINGS *v.* THE STATE.

WADE, J.  1. No error of law being complained of, and the verdict being
amply sustained by evidence, the court did not err in denying the motion
for a new trial.

2. This case is distinguished from that of *Long* v. *State,* 5 *Ga. App.* 176
(62 S. E. 711), by undisputed facts authorizing the conclusion that the
crime of adultery had already been committed and was not merely in
contemplation when the defendant was interrupted. The woman charged
with the crime and her alleged paramour were alone in a one-room house,
in the dark, when the officer knocked on the door and demanded ad-
mittance; a noise was heard as if some one was getting off a bed, a
light was struck, and fifteen minutes later the woman opened the door,

and a married man, not her husband, whom she falsely declared to be her brother, was seen sitting on a box, clad in his undershirt and trousers, and with his shoes unlaced, while the upper part of her dress was unbuttoned; and the indentations on the sole bed in the house and on the pillows thereon indicated that two persons had recently occupied the same. While the proof is circumstantial, it appears to exclude any reasonable hypothesis of innocence on the part of the accused.

*Judgment affirmed.   Roan, J., absent.*

DECIDED APRIL 18, 1914.

Accusation of adultery; from city court of Sandersville—Judge Jordan.   November 24, 1914.

*Evans & Evans,* for plaintiff in error, cited: *Long* v. *State,* 5 *Ga. App.* 176; *Thompson* v. *State,* 5 *Ga. App.* 7; *Murray* v. *State,* 2 *Ga. App.* 620; *Moore* v. *State,* 8 *Ga. App.* 113; *Weems* v. *State,* 84 *Ga.* 461; *Lightner* v. *State,* 126 *Ga.* 563.   See *Bailey* v. *State,* 12 *Ga. App.* 529.

*J. E. Hyman, solicitor,* contra.