## BURGESS *v.* THE STATE.

To warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused. It can not be said that the evidence in this case excludes every other reasonable hypothesis than that of the guilt of the accused, and therefore it was error to refuse a new trial.

No. 5738. APRIL 14, 1927.

Murder. Before Judge Reed. Glynn superior court. October 28, 1926.

*W. C. Little,* for plaintiff in error.

*George M. Napier, attorney-general, W. B. Gibbs, solicitor-general, T. R. Gress, assistant attorney-general,* and *Henry O. Farr,* contra.

BECK, P. J. On the morning of October 25, 1926, a white woman by the name of Mollie Crosby was found in her home, in Glynn County, with her brains beaten out and in an unconscious and dying condition. Blood was scattered all over the room, showing evidence of a struggle. In the room was found a claw-hammer and a shovel-handle, on both of which was blood. On the body of the deceased were found finger-prints, on her breast, thighs, etc., as appears from the evidence of J. D. Baldwin, the coroner of Glynn County, and the undertaker who prepared the body for burial. Also finger-prints were found on the calf of her leg, and arms. Mr. Baldwin also testified that evidently she had had a terrible scuffle with somebody. It is the theory of the State that this murder was brought about on account of either a criminal assault or an attempted criminal assault upon the person of the deceased. There were no eye-witnesses to the killing, but the verdict was based entirely upon circumstantial evidence. The husband of the deceased testified that the accused on the morning of the killing went to his house about 6:30 o'clock and gave as a reason for coming that he was looking for another negro by the name of Robert Bryant; that he made inquiry as to Mrs. Crosby, the deceased, and went into the house and talked with her. He then told Mr. Crosby, the husband of the deceased, that Mr. Jim Bell told him to tell Mr. Crosby to meet him at the log brow, at which place he would wait for him, as they wanted to take

Criminal Law, 16 C. J. p. 764, n. 54; p. 765, n. 57, 60; p. 1179, n. 67. Homicide, 30 C. J. p. 311, n. 26; p. 434, n. 2.

up logs which Crosby had cut that week; that after staying there for a short time Crosby and the accused went out of the house and got over the fence, where the defendant reiterated the statement that Bell said for Crosby to be sure to go. Crosby further testified that the accused then stated to him that he would go one way to dodge a Mr. Cason. Crosby went another way and to the place where Burgess, the defendant, told him that Bell requested him to meet him, and waited there until about nine o'clock, they having left his home about 7 o'clock; that about fifteen minutes before nine o'clock the defendant came to where Crosby was, and then Crosby started back home, after having failed to meet or see Bell, the man whom he went to meet. On the way back home he met his brother, who advised him that his wife, he thought, was dying, as she was making an awful noise in the house. They went on to the house, where they found her in a dying condition and unconscious. Crosby then undertook to get assistance. In the meantime the deputy sheriff, the coroner, and a doctor went to the scene of the homicide. Under the circumstances, suspicion arose that Arthur Burgess, the defendant, had committed the crime, and he was arrested. At the time he was arrested, according to the evidence, he was acting in a peculiar manner, but stated that he had been drunk the night before. The jury returned a verdict of guilty, with a recommendation. The defendant made a motion for new trial, which was overruled, and he excepted.

The conviction in this case was based solely upon circumstantial evidence. And in considering whether or not the verdict was authorized by the evidence, we must keep in mind the rule contained in the statute relating to the sufficiency of circumstantial evidence. The rule there, briefly stated, is, "To warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused." Penal Code, § 1010. The jury in this case were authorized to find, under the evidence, that certain tracks leading away from the house of Crosby, the husband of the deceased, were made by the accused. But Crosby had himself testified that the negro was at his house on the morning of the murder and left there the same time he did, though where he went to does not appear. It

is true that the jury might have found that the reason stated by the defendant for going back to his work when he left Crosby's house was a fictitious reason. And it is also true that the jury were authorized to find that the reasons assigned by the negro, the accused, when he came to Crosby's home were false; that he came under the pretext of delivering a message from a white man to Mr. Crosby, and that Mr. Bell had sent no such message as the one delivered. But outside of these facts, there is no substantial fact testified to that supports the verdict rendered. There is testimony that the negro behaved somewhat peculiarly when he was arrested, and that he vehemently denied the commission of the crime. The arrest itself and the knowledge of the fact that he was suspected might account for any such peculiarity in manners or vehemence of speech. The accused and his wife were on as friendly terms with Mr. Crosby and his wife as was compatible with the difference in the races. It is clearly indicated by the testimony of Crosby and other witnesses that the former himself did not suspect the accused at first, but did suspect another negro. And apparently there was nothing to change this opinion but the fact that the accused stated, when he was arrested, that he had not been to Crosby's in three weeks. The evidence establishing the fact contended for by the State, that the tracks referred to were the tracks of the accused, is far from conclusive; and, as said above, even if they were made by him, they merely show that he had been to the house under the circumstances pointed out in Crosby's testimony. There is some evidence tending to show that at the time Crosby testified the accused was at his house he was at another place, something over a mile away. On the whole, after consideration of all the evidence in this case, we are of the opinion that the requirements of the statute quoted above as to the sufficiency of circumstantial evidence to support a conviction are not met, and it can not be said that this evidence is not consistent with any other reasonable hypothesis save that of the guilt of the accused.

The assignment of error upon the court's charge upon the subject of alibi is not urged or referred to in the brief of counsel for the plaintiff in error, and is therefore treated as abandoned.

*Judgment reversed. All the Justices concur, except Hill and Hines, JJ., who dissent.*