31563.   PATRICK *v.* THE STATE.

DECIDED SEPTEMBER 18, 1947.

W. L. Nix, for plaintiff in error.

Hope D. Stark, Solicitor-General, contra.

TOWNSEND, J. (After stating the foregoing facts.) The evidence authorized a finding that Bud Patrick was dead; that he had certain bruises, principally located from his eyes to the top of his head; that prior to his death for some time he had suffered from high blood pressure; that he died from cerebral hemorrhage; that a lick or blow from a blunt instrument, a fist of a human being, or a fall from a porch approximately 3 feet high, would have a tendency to produce a cerebral hemorrhage; that on Friday, the day before the death of Bud Patrick on June 7, 1946, the defendant was drinking and told a witness that he had slapped his father; that the defendant was mad at his brother, J. W.; that two of Bud Patrick's granddaughters, Virginia and Mary, left home hurriedly the late afternoon of Friday, June 6, and acted in an excited manner, going to the home of Raymond Knight, and got him to take them to Lawrenceville; that on the night of Friday, June 6, Bud Patrick fell off his back porch between 7 and 9 o'clock, and was carried into the house and put to bed by the defendant, and that the granddaughters left home to tell the defendant's brother, J. W., not to come home, as the defendant was mad at him.

■ On the whole, after consideration of all the evidence in this case, we are of the opinion that the requirements of the statute

quoted above as to the sufficiency of circumstantial evidence to support a conviction are not met, and it can not be said that this evidence is not consistent with every other reasonable hypothesis save that of the guilt of the accused. *Burgess* v. *State,* 164 *Ga.* 92 (137 S. E. 768); *Riley* v. *State,* 1 *Ga. App.* 651 (57 S. E. 1031); *Long* v. *State,* 5 *Ga. App.* 176 (62 S. E. 711); *Carr* v. *State,* 72 *Ga. App.* 9 (32 S. E. 2d, 914).

■ The circumstances relied upon by the State for a conviction in this case are as follows: (a) the death of the deceased produced by a cerebral hemorrhage; (b) the deceased's condition being such that a lick or blow from a blunt instrument, or from the fist of a human being. would have a tendency to cause cerebral hemorrhage producing death; (c) the. defendant's admission that he slapped his father; (d) bruises about the eyes and head of the deceased, which could have been caused by a lick or blow from a blunt instrument, or the fist of a human being; and (e) the girls leaving in the late afternoon to get Raymond Knight to take them to Lawrenceville and appearing to be scared. The foregoing constitutes the State's theory of the case, and if the evidence authorized this theory only, it would be sufficient to authorize the verdict. However, the defendant's theory of the case, which is supported by unimpeached and undisputed testimony, is that the injuries and bruises of the deceased, resulting in his death, were caused by an accidental fall from a porch approximately 3 feet high, the defendant carrying him to bed, from which he never got up, but died the following night, and that the circumstance of the excitement of the girls was because they were going to tell J. W., brother of the defendant, not to come home because the defendant was mad at him. Hence, the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence. Where the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence. *Davis* v. *State,* 13 *Ga. App.* 142 (78 S. E. 866).

The case having been reversed on the general grounds, it is not necessary to consider any of the grounds set forth in the amended motion for new trial.

The trial court erred in overruling the motion for new trial.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*