34793. BARFIELD v. THE STATE.

GARDNER, P. J. (a) The defendant was convicted of illegally possessing intoxicating liquor. He filed a motion to dismiss the indictment, in the nature of a general demurrer. The court denied this motion, to which judgment the defendant filed exceptions pendente lite, and assigns error on these exceptions pendente lite. He does not argue them orally or in his brief, and therefore they are considered abandoned. Counsel also made a motion for a mistrial, which was denied, and made a motion for a new trial, which was amended by adding several special grounds. His motion for new trial was also denied, and to these rulings he excepted. The only arguments presented here are: (1) whether or not the evidence supports a verdict; (2) whether or not the court erred in denying the motion for a mistrial; and (3) whether or not the court erred in refusing to allow counsel for the defendant to read to the jury decisions of the appellate courts and facts in question therewith. We will deal with these in their order.

(b) Since the case is to be reversed, we will not pass upon the general grounds except to say that, unless the evidence is materially lessened in the event of another trial, it is sufficient to sustain the verdict. The facts are very similar to those in *Corbin* v. *State,* 84 *Ga. App.* 763 (67 S. E. 2d 478).

(c) We will deal with whether or not the court erred in denying the motion for a mistrial, as set forth in special grounds 4, 5, 6, and 7. These grounds are related and are cause for a reversal (under the particular facts of this case), because the State sought to attack the defendant's character when he had not put his character in issue. We will mention briefly the allegations in each of these special grounds. In special ground 4 it is alleged that, when the deputy sheriff was on the stand and the solicitor-general was questioning him, the witness stated: "He has never given me any trouble. When I caught him just like that he always did that way."

In special ground 5 it is alleged that, when the deputy sheriff was on the stand under direct examination, the solicitor-general asked him concerning certain bottles which were seized on the day of the arrest at the house of the defendant. The solicitor-general asked the deputy sheriff in substance whether or not, at the time he found the bottles in the defendant's house, the bottles were washed, whereupon the deputy sheriff replied in effect that they had never found any bottles in the defendant's house; that the bottles were always washed.

Special ground 6 is to the effect that, when the solicitor-general offered in evidence the bottles mentioned in special ground 5, the defendant's counsel objected on the grounds that they were not in proper evidence since the bottles threw no light on the transaction for which the defendant was being tried. Thereupon the judge stated that he would admit the bottles for the consideration of the jury for what they were worth. This assignment of error, standing alone, might not require a reversal.

Special ground 7 assigns error on the ground that, when a witness for the defendant was on the stand, the solicitor-general on cross-examination propounded to the witness this question: "Do you know about his [defendant's] reputation down there?" Counsel for the defendant moved for a mistrial on the ground that the questions and answers sought in each of these special grounds (except special ground 6) put the defendant's character in issue when he had not done so, and that he should have a mistrial granted for these reasons.

In our opinion the court did not take proper action to remove from the minds of the jury the prejudicial statements which were permitted against the defendant. For this reason we think the court committed reversible error on these special grounds. See, in this connection, *Bacon* v. *State,* 209 *Ga.* 261 (71 S. E. 2d 615).

In special ground 8 of the amendment to the motion for new trial, the defendant complains that the trial court erred "in refusing the right to counsel" for the defendant "to read the facts and law to the jury and comment thereon, it being necessary to read from the following decisions the facts stated in the opinion in order to ascertain the holdings of the courts and it is necessary that certain facts be read for the purpose of making clear the principle desired and the facts attempted to be read were in the following cases." Then follows a list of several cases sought to be read and the holdings of the court therein.

In *Cribb* v. *State,* 118 *Ga.* 316 (45 S. E. 396), however, the Supreme Court held: "In a criminal case counsel may read law to a jury with so much of the facts stated in an opinion as may be necessary to illustrate the principle ruled . . . but it is not permissible by such use of authority to introduce evidence, or thus indirectly to establish facts which might influence the jury."

In *McMath* v. *State,* 55 *Ga.* 303, 304 (8), the Supreme Court ruled: "Upon the trial of criminal cases, counsel, in their argument, may read law to the jury in the hearing of the court, subject to the correction of the court in its charge." In that case the defendant's counsel had read some law to the court and when about to read this law to the jury, "the court stopped him, and held that he must read the law to the court, and refused to allow him to read any law to the jury, and that refusal of the court to allow him to read any law to the jury is assigned as error." The court said, while it was aware that the court was the official organ from which the jury in criminal cases must get the appropriate law, "still we are not aware of any law or rule of practice, adopted by the judges in convention, that will authorize the court to prohibit counsel, in the argument of criminal cases, from reading law to the jury . . . in the hearing of the court, subject . . . to be considered as the authoritative exposition of the law for the con-

sideration of the jury." The Supreme Court then ruled: "In our judgment, the court erred in not allowing the defendant's counsel to read the law in his argument to the jury, on the statement of facts disclosed in the record." Then in *Warmock* v. *State*, 56 *Ga.* 503, the Supreme Court ruled: "Counsel have the right to present their view of the law as well as the facts to the jury, especially in criminal cases, subject of course to the control of the court in the charge. Without this right, there can be no intelligent application of the law to the facts," and in the body of that opinion the court said that the court erred in not allowing counsel to present his view of the law of the case to the jury, but interrupted him, and said that matters of law should be argued to the court, and facts to the jury.

In *Powell* v. *State*, 65 *Ga.* 707, 710, the Supreme Court ruled: "Counsel may read and comment on the law to the jury in a criminal case." In the opinion the court said: "This court has ruled that counsel may read and comment on the law to a jury in a criminal case, and we reaffirm that ruling."

The Court of Appeals, in *Glover* v. *State*, 15 *Ga. App.* 44 (82 S. E. 602), ruled: "In the trial of a criminal case counsel may read to the jury, in the presence of the court, opinions of courts of last resort, which are germane to the case on trial, and, in so doing, may read facts stated in the opinion when a recital of the facts is necessary to make clear the principle; and the court has power to confine counsel to what is proper and applicable." In the body of the opinion the court said: "In the 6th ground of the motion . . . it is contended that the court erred in refusing to allow counsel for the accused to read before the jury a part of the opinion . . . in the case of *Long* v. *State*, supra [5 *Ga. App.* 176], set out in this ground of the motion. The judge certified, in approving this ground, that he refused to allow counsel to read the facts in that case to the jury, but expressly stated to him that he 'might argue the law of it to them.' " This court said the rule is different in criminal cases from that in civil cases, as expressed in *Central Ry. Co.* v. *Hardin*, 114 *Ga.* 548 (40 S. E. 738), and that the rule is "concisely stated in *McMath* v. *State*, 55 *Ga.* 304, 305 (8): 'Upon the trial of criminal cases, counsel, in their argument, may read law to the jury in the hearing of the court, subject to the correction of the court in its charge.' See also *Warmock* v. *State*, 56 *Ga.* 503. 'Of course, for the purpose of making the application, it is frequently necessary to read the facts stated in the opinion or contained in the report; and wherever they are read for the purpose of making clear the principle decided, it is entirely proper to read them, as well as the opinion.' *Cribb* v. *State*, 118 *Ga.* 316, 319 (45 S. E. 396, 397). See also *Wiggins* v. *State*, 101 *Ga.* 502, 511 (29 S. E. 26). In the present case the excerpt from the opinion which counsel attempted to read to the jury was germane to the case on trial, and the recital of the facts set out therein was necessary to make the opinion intelligible; and counsel should have been permitted to read the excerpt. The Supreme Court, it is true, held in *Solomon* v. *State*, 100 *Ga.* 81 (25 S. E. 87) that 'While it is the right of counsel for the accused in a criminal case to read law to the jury and comment thereon, this court will not control the discretion of the trial judge in refusing to allow counsel to

read from a Supreme Court report of this State the facts of a decided case for the purpose of commenting upon and comparing the testimony in that case with the facts of the case on trial.' In the present case, however, it does not appear that there was any attempt or intention to read the facts of the *Long* case, except insofar as necessary to make the opinion intelligible to the jury. In the case of *Clark* v. *State*, 8 *Ga. App.* 757 (70 S. E. 90), it was ruled that in a criminal case counsel for the accused has the right to read to the jury law applicable to the case, though the judge has power, in the exercise of his discretion, 'to prevent counsel from reading to the jury, in such a way as to confuse them, law not applicable to the case or to the point in issue, and that, therefore, the court may limit counsel in what he may read as law to the jury.'" There is a misprint in the report of this case and the remainder of what the court stated in the body of the opinion in regard to the *Glover* case does not appear. However, the case was reversed on other grounds, and it does not appear that, if the error assigned in the 6th ground had been the only error, a reversal would have resulted. It is to be borne in mind that, at the time of the ruling in the *McMath* case, the *Cribb* case and the *Glover* case, with which we have just been dealing, there was no rule of the superior courts relative to reading in criminal cases the facts of cases from the reports, as there is today. The rule as to argument of counsel appearing as Code § 24-3302, being superior-court rule 2, is as follows: "Arguments of counsel shall be confined to the law and the facts involved in the case then before the court, on pain of being considered in contempt; and in all civil cases questions of law shall be argued exclusively to the court, and questions of fact to the jury. Counsel shall not be permitted, in the argument of criminal cases, to read to the jury recitals of fact or the reasoning of the court as applied thereto, in decisions by the Supreme Court or Court of Appeals." Prior to the Code of 1933, this rule did not contain the last provision thereof relative to the trial of criminal cases. This provision was added to this rule subsequently to the convention of the judges in Atlanta on July 5, 1907, which was prior to the Code of 1910. This rule appeared in the 1910 Code as § 6261, and read as above except for the last sentence. It also appeared in the Code of 1895 to the same effect. It did not appear in prior Codes. Thereafter, and before the Code of 1933 was adopted, the superior court judges held two conventions, the first being on December 19, 1911, and the second on July 4, 1924. When the Code of 1933 appeared, this rule read as it does today, i. e., added thereto was this provision: "Counsel shall not be permitted, in the argument of criminal cases, to read to the jury recitals of fact or the reasoning of the court as applied thereto, in decisions by the Supreme Court or Court of Appeals." Thereafter, on December 4, 1936, a convention of the judges of the superior courts of Georgia was held, with Judge James B. Park of the Ocmulgee Circuit as President, and Hon. Logan Bleckley, as Secretary, and new superior court rules were established, some of the old ones being added to and readopted. Code § 24-3302 (Rule 2), appearing in the 1933 Code, was readopted as Code (Ann.) § 24-3319 (Rule 19), with the same wording as said rule appeared in the 1933 Code.

Rules of the respective courts of this State, legally adopted, and not in conflict with the Constitution of the United States or of this State, or the laws thereof, are binding and must be observed. Code § 24-106. As to a convention of the judges to make such rules, see Code § 24-2628. The judges shall have the power to amend a rule. *Snipes* v. *Parker*, 98 *Ga.* 522 (25 S. E. 580). It was the intention of the legislature that each judge conform to the rules, whether or not they met with the approval of such judge. *Wilson* v. *State*, 33 *Ga.* 207, 215. See also *DeLorme* v. *Pease*, 19 *Ga.* 220, 227, and *Wilson* v. *State*, supra, to the effect that rules of the superior court not contravening any law of this State and in conformity with the Constitutions of Georgia and the United States are binding as law.

In *Mell* v. *State*, 69 *Ga. App.* 302 (25 S. E. 2d 142) this court ruled: "In a criminal case counsel may read law to a jury with so much of the facts stated in an opinion as may be necessary to illustrate the principle ruled," citing the *Cribb* case, supra, for the ruling. In the body of the opinion (p. 308), the court stated: "During the reading of the law by the solicitor-general to the court in the presence of the jury the following interruption occurred: Mr. Moore: 'I object to his reading the facts in a decided case before this jury as improper and inadmissible. It is not a decision by a unanimous bench and is not binding on this or any other court.' What was being read to the court was the certified question in the case of *Portwood* v. *Bennett Trading Co.*, 184 *Ga.* 617 (192 S. E. 217) and the second division of the opinion on page 618. It does not appear from this assignment of error that the reading of the facts in the *Portwood* case was for any purpose other than to illustrate a rule of law in the present case." The provisions of Rule 2 (Code § 24-3302) then in effect, were not brought into question. However, in *Hill* v. *State*, 73 *Ga. App.* 293 (1, 2) (36 S. E. 2d 191), this court ruled: "It is reversible error for the court, in a criminal case, to permit counsel in their argument to read to the jury recitals of fact or the reasoning of the Court of Appeals or the Supreme Court as applied thereto. Under the record of this case, it was reversible error to permit the State's counsel, over objection, to read to the jury recitals of fact and reasoning of the appellate courts in decisions rendered." This court in the body of the opinion went into the question fully, taking cognizance of and applying the present Rule 19 of the superior court, and holding that under Code § 24-106 the rule had the effect of a statute and was binding on the trial court and this court, and distinguishing *Cribb* v. *State*, supra, *McMath* v. *State*, supra, and others, rendered prior to the adoption of this rule. Reference is now made to the opinion in *Hill* v. *State*, supra, and the same is adopted herein.

For another reason the judge of the trial court in the case sub judice did not err in refusing a new trial on this ground of the amended motion. The cases relied on by the defendant are quoted above, and follow the *McMath* case, supra, and those were all cases wherein it appeared that the counsel sought to read to the jury the law and so much of the facts only as were necessary to illustrate and render intelligible the rule of law being read to them. In the case at bar, however, no such intention by the defendant's counsel is shown. The defendant in his

amended motion recites that it was necessary "to read the facts and law to the jury and comment thereon," and there are set out in this ground some eleven decisions of this court which the defendant desired to read to the jury the facts of and to comment on, all dealing with decisions of this court involving cases where the contraband whisky was found near the defendant's home or business and connecting the defendant therewith by circumstantial evidence. The defendant does not anywhere in this ground show that he sought to read points of law from a certain case or cases, and that it was necessary in order for same to be intelligible and for the jury to understand same that certain of the facts therein be read to them. Therefore it does not appear from this amended ground that the defendant makes a case coming within the principle laid down in such cases as *McMath* v. *State,* supra, *Cribb* v. *State,* supra, and the others relied upon. No error appears, and the court properly denied his motion for new trial as amended by this ground, regardless of the provisions of Rule 19 (Code, Ann., § 24-3319).

Special ground 9 is without merit. The court was simply charging in that excerpt the allegations of the indictment.

The court erred in denying the amended motion for new trial on the grounds hereinabove specified.

Decided November 24, 1953.

*Townsend and Carlisle, JJ., concur.*

*R. M. Reed,* for plaintiff in error.
*Luther C. Hames, Jr., Solicitor-General,* contra.