40541.   LEWIS v. THE STATE.

Decided February 14, 1964.

*Carlton S. Brown*, for plaintiff in error.

*Stephen Pace, Jr., Solicitor General*, contra.

RUSSELL, Judge. ■ Prior to the adoption of the superior court rules (*Code Ch.* 24-33) and in particular the last sentence of *Code* § 24-3319 which states: "Counsel shall not be permitted, in the argument of criminal cases, to read to the jury recitals of fact or the reasoning of the court as applied thereto, in decisions by the Supreme Court or Court of Appeals," the rule was well recognized that in criminal cases counsel may read law to a jury with so much of the facts stated in an opinion as may be necessary to illustrate the principle ruled upon. *McMath v. State*, 55 Ga. 303 (8); *Warmock v. State*, 56 Ga. 503; *Powell v. State*, 65 Ga. 707; *Cribb v. State*, 118 Ga. 316 (45 SE 396). For a discussion of these cases and others in which the rule continues to be recognized, see *Barfield v. State*, 89 Ga. App. 204 (79 SE2d 68). Whether rules of court adopted as these were pursuant to legislative direction have the force

of statutes, the Code, when adopted as such, does become the law, and the Code of 1933 contained this sentence. The rule in *Cribb*, however, may and perhaps in some instances must be applied, although it is usually discretionary with the trial court to make the decision of whether any facts, or what facts in a reported case are essential to an understanding of the rule of law which counsel wishes to argue, and in such event, as pointed out in *Moss v. State*, 91 Ga. App. 669 (86 SE2d 708) there exists the nice distinction between reading the case to the court in the presence of the jury, or reading it to the jury in the presence of the court. The distinction frequently vanishes on appeal when this court cannot see which way counsel's face was turned. The special ground of the motion for a new trial complains that counsel was not allowed to proceed, facing in either direction, with a recital of the facts in *Scroggs v. State*, 94 Ga. App. 28 (93 SE2d 583). These facts will be discussed hereafter; they were not necessary to the statement of the point of law involved as applied to the facts of this case, and it was not error for the court to refuse to allow counsel to read from the statement of facts.

■ The defendant, who had separated from his wife on previous occasions, took her and her children to the house of her sister and went to visit his mother in Atlanta. He returned late one night and was talking with his sister when his wife entered the house with another man. The defendant first followed his wife out of the house; he returned, and according to his sworn testimony the deceased said: "I done run from you twice, I ain't going to run no more"; the deceased then "started up on me and we started to fighting around." The men fought outside the house and the defendant stabbed his opponent a short distance down the road. "Q. Tell the jury what you intended to do? A. I just wanted to whip him up enough so that he would leave my wife alone so we could live together . . . Q. As a matter of fact, you started the fight, didn't you? A. No, sir, not any more than he started it. He started it, he was the one started it, I wasn't even thinking about it . . . Q. You were trying to catch him and beat him up, weren't you? A. Yes, sir . . . I intended to beat him up, but I

didn't have no intention of killing him. . . Q. You started at him with the intention of beating him up? A. He started at me." The defendant also testified that while he did not see the deceased with a pistol that night, the latter had previously drawn a pistol on him. Under all these circumstances there was ample evidence from which the jury might return a verdict of manslaughter under the theories of mutual combat and heat of passion. See *Spradlin v. State,* 90 Ga. App. 97, 103 (82 SE2d 238). The facts of this case differ strongly from those in *Scroggs v. State,* 94 Ga. App. 28, supra. There the defendant followed her husband and another woman after having been told by the husband that she could starve to death; they were going off together. Coming upon them together in an automobile she shot and killed the woman. Here there appears no necessity for killing to prevent a planned act of sexual intercourse (ibid., p. 30; *Miller v. State,* 9 Ga. App. 599, 71 SE 1021). The evidence does not, as contended, point equally to two opposing theories. The general grounds of the motion are without merit.

The trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*