## 57769. CROSBY v. THE STATE.

BANKE, Judge.
The defendant appeals his conviction for sale of methaqualone in violation of the Georgia Controlled Substances Act, Code Ann. § 79A-807, Schedule II. The

conviction was obtained on the basis of testimony of an undercover agent of the Georgia Bureau of Investigation. The defendant denied that he played any part in a drug sale, or that one took place at his business establishment. The state's theory was that defendant was a "go-between" between the agent-buyer and one Byrd, the person who actually exchanged the drugs for the purchase money. In other words, the state through its witness portrayed defendant as a "party to crime." Code Ann. § 26-801 (b) (3). Upon proper instructions on this theory the jury convicted. *Held:*

1. Defendant assigns as error the denial of his motion to have an independent chemical analysis made of the alleged controlled substance. The trial court's order shows that the defense delayed in bringing the motion until three days before trial. The trial judge properly denied the motion on the basis of unreasonable delay in making it. See *Patterson v. State,* 238 Ga. 204 (232 SE2d 233) (1977).

2. The trial court was not in error in denying defendant's motion to produce a pre-trial statement made by Byrd and the notes of the state's only other witness to the transaction. Although Code Ann. § 38-801, is applicable to criminal cases ( *Brown v. State,* 238 Ga. 98 (231 SE2d 65) (1976)), Byrd was not a witness at the trial, and thus discovery of his statement was not required. Accord, *Rini v. State,* 235 Ga. 60 (218 SE2d 811) (1975). The trial court made an in camera inspection of the statement and announced that it contained nothing favorable to the defendant. The notes of the state's undercover agent were also inspected in camera by the court to detect any discrepancies as compared to testimony in court. This complied with the rule set out in Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215). There is no showing or claim that any exculpatory material was suppressed, and there is no requirement that the prosecution make a complete and detailed accounting to the defense of all police work on a case. *Barker v. State,* 144 Ga. App. 339 (241 SE2d 11) (1977).

3. Defendant also assigns as error the trial court's action in allowing the prosecutor to read to the jury the facts of a reported appellate decision which affirmed a

conviction upon the "parties to crime" theory. "Although in criminal cases '[C]ounsel shall not be permitted . . . to read to the jury recitals of fact or the reasoning of the court as applied thereto . . .' Code Ann. § 24-3319, . . . 'it is frequently necessary to read the facts stated in the opinion, or contained in the report; and wherever they are read for the purpose of making clear the principle decided, it is entirely proper to read them, as well as the opinion. " *Potts v. State,* 241 Ga. 67 (7) (243 SE2d 510) (1978) and cits. *Cribb v. State,* 118 Ga. 316 (45 SE 396) (1903); *Lewis v. State,* 109 Ga. App. 152 (135 SE2d 492) (1964); *Barfield v. State,* 89 Ga. App. 204 (79 SE2d 68) (1953). The reading of the case to the jury in this instance was authorized under the above decisions.

4. Over objection, the trial court allowed the state's witness, a chemist, to testify that methaqualone is a controlled substance under Schedule II. Defendant's reliance on *Elrod v. State,* 143 Ga. App. 331 (238 SE2d 291) (1977), is misplaced. That case involved the state's proof of an alleged controlled substance by its trade name. Methaqualone is specifically named as a controlled substance under Code Ann. § 79A-807.

5. The remaining assignments of error have been carefully considered and are without merit.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED MAY 2, 1979 — DECIDED JUNE 13, 1979 — REHEARING DENIED JULY 18, 1979 —

*Richard D. Phillips, Raymond A. Majors, Jr.,* for appellant.

*Dupont K. Cheney, District Attorney, Gary A. Sinrich, Assistant District Attorney,* for appellee.