59199. GRIFFIN v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried and convicted of one count of selling heroin on March 16, 1978, and one count of selling marijuana on March 30, 1978. A motion for new trial was filed,

amended and thereafter denied. He appeals.

A review of the record indicates that appellant was employed as a bell boy at the Grady Hotel in Macon, Georgia, during all times relevant to this action. Appellant's arrest and prosecution was as a result of undercover work by a police officer named Olivia Smith. Officer Smith infiltrated the group of individuals that lived at the Grady and, in particular, she was frequently seen accompanying an individual identified as "Alabama," a resident of the hotel and a known marijuana user. Officer Smith did participate, or, at least, feigned participation in smoking marijuana (i.e., she participated to the extent of having the smoke in her mouth, although she denies actually inhaling the smoke). The record further reveals that Officer Smith actually approached appellant with respect to the sales of both heroin and marijuana.

1. In support of the general grounds of the motion for new trial appellant enumerates that the verdict is contrary to the evidence, without evidence to support it, against the weight of the evidence and contrary to law and the principles of justice and equity. "While the jury can and must weigh and analyze the evidence, an appellate court, in reviewing the general grounds, is restricted to determining if there is sufficient evidence to support the verdict of the jury."*Davis v. State,* 151 Ga. App. 222, 223 (259 SE2d 207) (1979). The evidence here is clearly sufficient to support the verdict and our view of the record compels our conclusion that any rational trier of fact could reasonably have found from the evidence adduced at trial proof of the guilt of defendant beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Green v. State,* 152 Ga. App. 387 (262 SE2d 639) (1979).

2. In Enumeration 2, appellant contends the trial court erred in failing to charge his second request to charge which actually embodies three charges. In essence the requested charge states that the function of law enforcement officers does not include the manufacturing of crime and that "decency, security and liberty alike demand that government officials shall be subjected to the same rules of conduct that are commands to the citizen." Furthermore, appellant requests that for reasons of public policy, principles of justice and equity, and the honorable administration of justice this court should refuse to condone the conduct of Officer Smith and that he (appellant) be discharged from the charges or granted a new trial. The conduct of Officer Smith to which appellant objects is her alleged participation in smoking marijuana and her alleged presence in the room of "Alabama" with "just her night clothes on."

The legal principles which form the basis for the requested

charge are from the dissenting opinion of Justice Brandeis in Olmstead v. United States, 277 U. S. 438, 485 (48 SC 564, 72 LE 944) (1927), and were quoted with approval by this court in *Harpe v. State,* 134 Ga. App. 493 (214 SE2d 738) (1975). It is true that the requested language is found substantially in *Harpe* but there it was used in this court's discussion of the general function of the defense of entrapment and was not approved as proper language to be given in a charge to the jury. "Even though language used by the appellate courts in a decision may embody sound law, it is not always appropriate to employ such language in instructing the jury. [Cit.]" *Stull v. State,* 230 Ga. 99, 104 (196 SE2d 7) (1973). Furthermore, in *Harpe* uncontroverted testimony revealed that a government agent gave the defendant drugs with instructions to sell them to two men who also were concealed agents under the guise of helping the former to trap drug dealers. Therein the entire scheme or criminal design originated with the officials of the government. In the case sub judice there is no evidence that Officer Smith furnished appellant with the contraband in question and there is no evidence that the government implanted the entire criminal design in the mind of appellant.

The entrapment defense focuses on the intent and predisposition of the defendant to commit the crime as well as upon the conduct of the government's agents. Hampton v. United States, 425 U. S. 484 (96 SC 1646, 48 LE2d 113) (1976). As stated in Hampton at 490: ". . . If the police engage in illegal activity in concert with a defendant beyond the scope of their duties the remedy lies, not in freeing the equally culpable defendant, but in prosecuting the police under the applicable provisions of state or federal law." See United States v. Russell, 411 U. S. 423 (93 SC 1637, 36 LE2d 366) (1973).

In the case at bar, the role of the police officer was not so extensive as to be analogous to the government involvement held offensive in *Harpe,* supra. Enumeration 2 is without merit.

3. In Enumeration 3, appellant contends that the trial court erred in refusing to give his seven requested charges on the law of entrapment.

Appellant is precluded from interposing the defense of entrapment as to the charge of distributing heroin because he controverted the allegations of the indictment. "In order to raise the defense of entrapment a defendant must admit the commission of the crime; but that he did so because of the unlawful solicitation or inducement of a law enforcement agent." *Carter v. State,* 140 Ga. App. 208 (230 SE2d 357) (1976); *Garrett v. State,* 133 Ga. App. 564 (211 SE2d 584) (1974). Appellant testified he had no idea of

distributing heroin and that he was merely running errands and did not "know what was going on." "The issue of entrapment cannot be presented to the jury if the accused denies his guilt." *Mafnas v. State,* 149 Ga. App. 286, 289 (254 SE2d 409) (1979). Therefore, the trial court did not err in refusing the requested charges on entrapment with respect to Count 1 of the indictment charging appellant with distributing heroin.

We must now proceed to consider appellant's contention that the trial court erred in refusing to charge the jury on the law of entrapment with respect to Count 2 of the indictment charging appellant with selling marijuana. Appellant testified that Officer Smith and her companion, "Alabama," approached him and requested that he go to a particular establishment and purchase a bag of marijuana from an individual identified as "Gamekeeper."

The defense of entrapment comes into play when the accused has been induced to commit the act, which he otherwise would not have committed, "by undue persuasion, incitement, or deceitful means." Code Ann. § 26-905; *Orkin v. State,* 236 Ga. 176 (223 SE2d 61) (1976). The defendant must present a prima facie case that the agent induced him to commit the offense charged in the indictment. Once this is done the burden is then upon the government to prove beyond a reasonable doubt that the accused was predisposed to commit the offense — i.e., that he was ready and willing without persuasion and awaiting a propitious opportunity to commit the crime. *State v. McNeill,* 234 Ga. 696 (217 SE2d 281) (1975).

Absent other circumstances, it is generally held that where an officer simply makes a request, as to purchase contraband, and there is ready compliance, the defense of entrapment is not available. *Thomas v. State,* 134 Ga. App. 18 (213 SE2d 129) (1975). Here, the record reveals that the contraband was not in appellant's possession. Appellant testified that he was approached by Officer Smith, given money for the purchase of the marijuana, and instructed *where* and *from whom* to make the purchase.

We are satisfied that there was sufficient evidence which showed governmental "incitement" — by supplying *all* the information concerning the marijuana as well as evidence of the absence of appellant's predisposition to commit the crime — to raise an issuable defense of entrapment. Therefore, the issue should have been resolved by the jury. Furthermore, the defense of entrapment was the sole defense relied upon by appellant with respect to the charge of selling marijuana. It has long been held in this state that "[w]here there is only one defense on which a party relies, failure to instruct the jury as to the evidence supporting this defense, so specifically that the jury will not only be required to pass upon

it, but will be enabled to do so intelligently, under pertinent rules of law and evidence, practically withdraws that defense, and to that extent prejudices the defendant's right to a fair and impartial trial." *Thompson v. State,* 16 Ga. App. 832, 833 (84 SE 591) (1914); *Tolbert v. State,* 138 Ga. App. 724 (227 SE2d 416) (1976).

Thus, while it was not error to refuse to charge on the law of entrapment with respect to the charge of distributing heroin, the trial court did err in refusing to so charge with respect to Count 2 of the indictment charging appellant with selling marijuana.

4. In Enumeration 4, appellant contends the trial court erred in preventing defense counsel from reading to the court in the presence of the jury during closing arguments from the decisions of *Harpe v. State,* supra, and *Hall v. State,* 136 Ga. App. 622 (222 SE2d 140) (1975). Appellant further contends the trial court erred when it stated to defense counsel in the presence of the jury, and after counsel for defense had read aloud Code Ann. § 26-905, that the court did not think counsel for defense had a right to read the aforesaid Code section in the presence of the jury.

". . . [T]he jury in all criminal cases, shall be the judges of the law and the facts." Ga. Const. 1976, Art. I, Sec. I, Par. VIII (Code Ann. § 2-108); Code Ann. § 27-2301. In civil cases the trial judge is the judge of the law and the jury the judge of the facts. *Central of Ga. R. Co. v. Sellers,* 129 Ga. App. 811 (201 SE2d 485) (1973). Because of the distinction made between the roles of the jury in a criminal and civil case, counsel in criminal cases are permitted during argument to read to the jury excerpts from decisions of appellate courts of this state. Conversely, in all civil cases "[r]eading excerpts from decisions of appellate courts of the state in the presence of the jury" during argument is grounds for reversal. *Central of Ga. R. Co. v. Sellers,* (4), supra; *Harris v. Collins,* 149 Ga. App. 638 (255 SE2d 107) (1979).

It has long been held that under a proper interpretation of Code § 27-2301, "[i]t is the province of the court to construe the law applicable in the trial of a criminal case, and of the jury to apply the law so construed to the facts in evidence. While the impaneled jurors are made absolutely and exclusively judges of the facts in the case, they are, in this sense only, judges of the law." *Berry v. State,* 105 Ga. 683 (31 SE 592) (1898); *Harris v. State,* 190 Ga. 258, 263 (9 SE2d 183) (1940); *Mims v. State,* 188 Ga. 702, 703 (4 SE2d 831) (1939). The court is responsible for the correct exposition of the law and "in the trial of criminal cases it is the *duty* of the jury to *take the law from the court,* as it is their duty to take the evidence from the witnesses." *Register v. State,* 10 Ga. App. 623, 628 (74 SE 429) (1911); *Lyle v. State,* 131 Ga. App. 8 (205 SE2d 126) (1974); *Harris v.*

*State,* supra.

Although counsel may read and comment to the jury on the law during argument in a criminal case, such right is not absolute, but is circumscribed by limitations. It is well recognized that the court has the power to prevent unfair or improper argument, or to restrain counsel from reading to the jury in such a way as to confuse them, or to proscribe the reading of law not applicable to the case or to points in issue. *Clark v. State,* 8 Ga. App. 757 (70 SE 148) (1911); *Cribb v. State,* 118 Ga. 316 (45 SE 396) (1903); *Rogers v. State,* 128 Ga. 67 (57 SE 227) (1907). Cf. *Crosby v. State,* 150 Ga. App. 804 (258 SE2d 593) (1979). In short, the trial court exercises discretion in such matters and this court will not interfere in the absence of an abuse of that discretion.

The trial judge's statement in the presence of the jury that he did not believe counsel for defense had the right to read Code Ann. § 26-905, after the same had been read to the jury, does not constitute reversible error. *Powell v. State,* 65 Ga. 708 (1880). For the reasons enunciated in Division 2, the excerpt from the decision of *Harpe* was not germane to the case on trial and, thus, the trial court did not err in denying appellant's request to read from said decision. However, for the reasons discussed in Division 3, entrapment was in issue with respect to the charge of selling marijuana, and, thus, appellant's counsel should have been permitted to read from *Hall v. State,* supra, on the subject of entrapment.

The conviction of appellant as to Count 1 of the indictment is affirmed. The judgment as to Count 2 of the indictment is reversed.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 8, 1980 — DECIDED APRIL 8, 1980.

*Fred M. Hasty,* for appellant.
*W. Donald Thompson, District Attorney, Willis B. Sparks, III, Assistant District Attorney,* for appellee.