29362. STATE OF GEORGIA v. BAILEY et al.

Gunter, Justice.

This appeal relates to the constitutionality of the notice provision contained in a statute that allows condemnation of vehicles transporting contraband. The trial court granted the motion of the owner of the vehicle to dismiss the condemnation complaint on the ground that the notice afforded to him by the statute was constitutionally inadequate. The state appealed from the judgment of dismissal.

The action below began when the district attorney filed a "Petition to Seize and Condemn" a vehicle. Upon the filing of the complaint the trial judge entered the following order: "The within and foregoing petition to seize and condemn having been read and considered, it is hereby ordered that the Sheriff of Clayton County, Georgia, forthwith seize the automobile described in said petition and hold the same for further order of this court; and the Sheriff of Clayton County is further directed to serve a copy of this petition upon James Erin Bailey and Frederick A. Bailey, the person in actual possession of the automobile at the time the automobile was seized and the record owner of the automobile at the time the record automobile was seized respectively; and it is further ordered that in the event no defense is filed within twenty days from the date of the filing of the foregoing petition, the court will enter judgment by default against that automobile and let it be disposed of in accordance with law as may be provided by further order of this court."

The complaint and order were filed on May 10, 1974. Frederick A. Bailey was personally served with the complaint and order on May 14, 1974, and James Erin Bailey was personally served with a copy of the complaint and order on May 29, 1974. On May 30, the Baileys filed their motion to dismiss the complaint, and on the same day the trial judge entered an order that directed the state to show cause at a hearing on July 12, why the motion to dismiss the complaint should not be sustained. The Baileys then filed a motion for jury trial on June 2 and their answers to the complaint on June 3.

After a hearing on the motion, the trial judge entered a judgment on July 16, the pertinent part being as follows: "It is the judgment of this court that the defendants' motion to dismiss be sustained and said motion is hereby and herewith ordered sustained on the following grounds and for the following reasons, to-wit: That that part of the law which is denominated Ga. Code Ann. Sec. 79A-905 (b) which states '. . . the sheriff shall, at the time of seizure, serve a copy of said process upon the owner of said merchandise. Said service may be made personally, by mail or by publication, according to the rules governing the service of civil process in this state. At the expiration of twenty days after said seizure, if no claimant has appeared to defend said libel, the court shall order the sheriff to dispose of said seized merchandise'; does not provide for notice prior to disposition of said merchandise. The very terms of the law state that the time begins to run against the interest of a rightful owner or third party as having an interest in the property not from the day of service of process but rather from the day of seizure by the sheriff of the merchandise. The court finds that the law as stated is unconstitutional in that it violates the Fifth Amendment of the United States Constitution which provides that no property shall be taken without due process of law, said mandate being made applicable to the states by virtue of the Fourteenth Amendment of the United States Constitution, the Equal Protection Clause thereof and the Due Process Clause as stated hereinabove."

We do not agree that the notice provision of this statute (Code Ann. § 79A-905 (b); for a slightly different

version of this notice provision, effective July 1, 1974, see Ga. L. 1974, pp. 221, 261 (Code Ann. § 79A-828 (e)) is facially unconstitutional. Procedural due process of law does not require a "pre-seizure" hearing in cases of contraband condemnation. See Calero-Toledo v. Pearson Yacht Leasing Co., 416 U. S. 663 (94 SC 2080, 40 LE2d 452). And all that procedural due process of law requires in "post-seizure" cases is notice and a hearing at which the owner or other party having an interest to be protected can appear and present his claim to the property being condemned. Twenty days' notice, or any other stipulated period of time, is not constitutionally required. All that is required by due process of law is that the affected party have reasonable notice and a reasonably fair opportunity for a hearing before the vehicle or other property is forfeited for a violation of the law.

The statute in question here (Code Ann. § 79A-905 (b)) provided: "The sheriff shall *at the time of seizure* serve a copy of said process upon the owner of said merchandise. Such service may be made personally, by mail, or by publication according to the rules governing the service of civil process in this state. At the expiration of twenty days after such seizure, if no claimant has appeared to defend said libel, the court shall order the sheriff to dispose of said seized merchandise."

This statute provides that service of process upon the owner shall be made at the time of seizure. We interpret this to mean that "seizure" is not legally effected until process has been served upon the owner of the property seized. The owner then has twenty days within which to interpose his claim opposing forfeiture to the state. We conclude that this statute affords adequate notice and an adequate hearing so as to comport with due process of law as required by the Federal Constitution and the Georgia Constitution.

In the instant case it is apparent that the owner of the property sought to be condemned had adequate notice and an opportunity for a hearing, because he filed, in a timely manner, his motion to dismiss the condemnation complaint.

The statute in this case did provide for adequate notice and a hearing, and it does not violate "procedural

due process of law."
*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 1, 1974 — DECIDED
FEBRUARY 25, 1975.

*William H. Ison, District Attorney, Clarence L. Leathers, Assistant District Attorney,* for appellant.
*Paul S. Weiner,* for appellees.