## 54354. ELROD v. THE STATE.

SHULMAN, Judge.

Appellant was indicted for and convicted of a "violation of Georgia Controlled Substances Act" by "attempt[ing] to obtain a controlled substance to wit: Demerol, by forgery." See Code Ann. § 79A-822 (a) (3). Upon conviction, appellant was given a sentence of two years probated on the condition that a $500 fine be paid. This appeal follows.

1. Defendant maintains that the trial court erred in allowing the state's expert witness, a pharmacist, to testify over objection that "Demerol" is a Class II narcotic under the Georgia Controlled Substances Act. See Code Ann. § 79A-807. It is urged that this testimony was a conclusion of law and therefore inadmissible. See generally *Ellis v. State,* 132 Ga. App. 684 (4) (209 SE2d 106) (similar issue but no objection). This testimony should not have been permitted and its admission constituted error. *Hinson v. Dept. of Transportation,* 135 Ga. App. 258 (2) (217 SE2d 606).

2. At the close of the evidence, defendant moved for a directed verdict of acquittal. The denial of this motion is enumerated as error.

The state presented evidence to show that defendant had presented a forged prescription for "Demerol" to a pharmacist. There was no testimony that "Demerol" is the trade name for a specific substance prohibited in any statutory schedule of drugs. The pharmacist's conclusion that "Demerol" is a Class II narcotic has no probative value. *Quitman Oil Co. v. Peacock,* 14 Ga. App. 550 (3) (81 SE 908).

Although this court can take judicial notice of rules promulgated by the State Board of Pharmacy (*State v. Bonini,* 236 Ga. 896 (225 SE2d 907)), these rules do not list "Demerol" as a controlled substance. "In the absence of a

specific designation of the drug [Demerol], however, the courts cannot 'notice' whether a certain substance falls within the prohibitive scope of a broad category of drugs." *Martin v. State,* 135 Ga. App. 4, 11 (217 SE2d 312).

Since the generic equivalent of the trade name "Demerol" is not the proper subject of judicial notice, and since there is no testimony that Demerol is the equivalent of a controlled substance, Code Ann. § 79A-804 which dictates inclusion of the trade name in controlled drug schedules cannot aid the state. Before § 79A-804 is operative the trade name must be linked to its scheduled equivalent.

As the state failed to carry its burden of proving by competent evidence that the drug Demerol was a narcotic regulated by law, it was error to deny defendant's motion for a directed verdict of acquittal.

3. "Drugs are dangerous, and we have a natural bias toward ridding our state of the evils engendered by [unauthorized drug procurement]. But this result can only be accomplished by offering the readily available proof of narcotic content at the trial level; not by countenancing the use of evidence which fails of its purpose." *Ellis v. State,* supra, p. 688. Deen and Quillian, JJ., dissenting.

*Judgment reversed. Quillian, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED SEPTEMBER 28, 1977.

*Charles W. Smith, Jr.,* for appellant.
*Jeff C. Wayne, District Attorney, James H. Whitmer, Assistant District Attorney,* for appellee.