364 So.2d 62 (1978)
STATE of Florida ex rel. CITY OF FORT LAUDERDALE, Broward County, Florida, for the Use and Benefit of Fort Lauderdale Police Department, Appellant,
v.
Nicholas Leander FRANZER and 1974 Chevrolet Corvette Vin: 1Z67J4S405133, Appellees.
No. 76-696.
District Court of Appeal of Florida, Fourth District.
November 8, 1978.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellant.
No appearance for appellees.
CROSS, Judge.
The State of Florida, ex rel. City of Fort Lauderdale, appeals from an order denying forfeiture of a motor vehicle and directing its return to the owner. We reverse.
On October 14, 1975 Nicholas Franzer was arrested, along with Arthur J. Curcuruto, by officers of the Fort Lauderdale Police Department for the sale of a quantity of marijuana. Mr. Franzer's 1974 Chevrolet Corvette automobile, which was used to transport the contraband to the scene of the sale, was impounded. Eventually, Mr. Franzer pled nolo contendere to the charge of delivery and possession of marijuana for which he received a sentence of three years probation. Adjudication of guilt was withheld.
Subsequently, the State Attorney for Broward County instituted forfeiture proceedings against Mr. Franzer's automobile on behalf of the Fort Lauderdale Police Department. After hearing upon a stipulated statement of facts, the circuit court denied the Petition for Rule to Show Cause, and ordered the automobile released to the appellee with all costs incident to its storage to be absorbed by the Fort Lauderdale Police Department. This appeal then followed.
Florida's Uniform Contraband Transportation Act, §§ 943.41, et seq., sets forth the guidelines for institution of forfeiture proceedings. Section 943.44 provides in relevant part:
(1) The state attorney within whose jurisdiction the vessel, motor vehicle, or aircraft has been seized because of its use or attempted use in violation of any provisions of law dealing with contraband as herein defined may proceed against the vessel, motor vehicle, or aircraft by rule to show cause in the circuit court within the jurisdiction in which the offense occurred *63 and may have such vessel, motor vehicle, or aircraft forfeited to the use of, or to be sold by, the law enforcement agency making the seizure, upon producing due proof that the vessel, motor vehicle, or aircraft was being used in violation of the provisions of said law.
Recently, in Griffis v. State, 356 So.2d 297 (Fla. 1978), the Florida Supreme Court interpreted this statute to authorize forfeiture upon a showing that the vehicle was involved in the furtherance of an illegal drug "operation." The law is "directed at the transportation of controlled substances for distribution." (Id., at 302).
In the instant case, the record reflects that appellee's automobile was used as the delivery vehicle in a scheme to promote the distribution of a quantity of marijuana. Use of a vehicle to deliver marijuana for sale is clearly sufficient to bring into play the forfeiture provisions of Section 943.44, Florida Statutes.
Accordingly, the order of the trial court denying forfeiture is reversed, and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
ANSTEAD and DAUKSCH, JJ., concur.