## COMMONWEALTH vs. ONE 1977 CADILLAC ELDORADO AUTOMOBILE.

Suffolk. January 10, 1980. — April 16, 1980.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, LIACOS, & ABRAMS, JJ.

*Practice, Civil,* Forfeiture proceeding. *Due Process of Law,* Forfeiture proceeding. *Motor Vehicle,* Forfeiture.

In an action by the Commonwealth for forfeiture of an automobile pursuant to G. L. c. 94C, § 47, there was sufficient evidence to warrant a finding that the automobile had been used for distribution of controlled substances within the meaning of c. 94C, § 47 (*a*) (3). [425-426]

This court declined to invalidate a forfeiture proceeding pursuant to G. L. c. 94C, § 47, which was not commenced until three months after the seizure of the claimant's automobile, where the claimant registered no objection and made no attempt to recover the property in the interim. [426-427]

CIVIL ACTION commenced in the Superior Court on June 23, 1978.

The case was heard by *Alberti,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*John C. McBride* for the defendant.

*John Boyle,* Assistant District Attorney, for the Commonwealth.

KAPLAN, J. We affirm a judgment of forfeiture of the defendant automobile entered in the Superior Court in the county of Suffolk, and refer to the discussion in *Commonwealth* v. *One 1976 Cadillac DeVille Auto., ante* 411 (1980), a similar case decided this day.

Members of the drug control unit of the Revere police department seized the defendant automobile on March 24, 1978, in connection with arrests for drug offenses. Complaint for forfeiture of the vehicle under G. L. c. 94C, § 47,

with accompanying affidavits, was filed by the Commonwealth in Superior Court on June 23, 1978, and a preliminary order authorizing the Commonwealth to detain the car was made ex parte three days later. The evidentiary hearing in the case occurred on July 10, 1979, when the grand jury testimony of a Revere officer present at the March 24 seizure was accepted by the Commonwealth and the claimant-owner James DiStefano as an accurate account of the facts. On July 11, 1979, the judge, denying the claimant's motion for return of the car, rendered judgment with findings and rulings of law ordering forfeiture in favor of the Commonwealth. (The claimant had been sentenced on June 28, 1979, by the same judge on a plea of guilty to the charge of possession of heroin with intent to distribute it arising from the March 24, 1978, incident.) We granted direct appellate review of the forfeiture judgment.

The grand jury testimony may be outlined as follows. A warrant had issued on March 24, 1978, for a search for heroin and related paraphernalia at the apartment of the claimant and Jeanne DiStefano on Beach Street in Revere. Officers of the drug control unit had been tipped that the claimant would be selling heroin to customers in the parking lot of a doughnut shop on Squire Road in Revere. The officers "staked out" this location before searching the apartment.

About 1:30 P.M., March 24, the claimant drove into the parking lot using the Cadillac at bar. His twelve year old son was with him. He parked in the spot farthest from the road, near the phone booth and also near another car with two occupants, George Butler and Vincent Tamboli. Leaving his car, the claimant walked to the other car, spoke with the two men, then walked alone to the phone booth. The claimant reached into his shirt pocket and drew out and held in his hand several flat silver colored packets each about one inch square. He returned to the second car. Butler gave the claimant money and received in exchange two or three packets.

At this moment the officers moved in. Butler attempted to swallow the packets and succeeded with one. An officer

retrieved another; later chemical analysis showed the content was heroin. The claimant had put some packets back in his shirt pocket. From that pocket the officers drew seven packets containing heroin. The three men were arrested on the spot. Carrying out the warrant for search of the claimant's apartment, the officers found a large quantity of pills, 105 grams of heroin with an estimated street value at the time of $30,000, scales for weighing drugs, other drug equipment, and $2,003 in cash. During the search, numerous phone calls were received at the apartment from persons who were seeking to buy heroin. Jeanne DiStefano was present at the search and was arrested.

Returning to the parking lot, the police took control of the Cadillac. An inventory search revealed no additional drugs, but a bill of sale was recovered showing that the car had been bought by the DiStefanos a week earlier and paid for in full with cash.

1. The elements of use of a conveyance for distribution of controlled substances referred to in G. L. c. 94C, § 47 (*a*) (3) and (*c*) (3), were affirmatively shown, with any "business" feature proved as clearly as in *One 1976 Cadillac DeVille, supra,* if not more so. That the packets of heroin were in the claimant's shirt pocket outside the car just before the sale does not, as the claimant seeks to argue, mean that there was not a use of the car within the statute. It is not disputed that the drug was transported in the car to the parking lot where the sale was consummated. We do not accept the claimant's suggestion that there was a 50% probability on the evidence that the claimant carried the heroin in the car intending personal consumption but, after arriving at the parking lot and leaving the car, was induced to sell some. The evidence is strong of a prearranged meeting with a purpose to sell.

The facts here resemble those in *State* v. *A 1971 Datsun,* 139 N.J. Super. 186, 188 (1976), where a claimant drove his car to a parking lot to make a prearranged drug sale, got out of his car and into the undercover agent's car, meanwhile concealing cocaine in a flashlight, and sold the cocaine to

the agent in the agent's car. The car was ordered forfeited under a statute that spoke of use of a conveyance to transport "for the purpose of sale or receipt." See *State ex rel. Fort Lauderdale* v. *Franzer,* 364 So. 2d 62 (Fla. Dist. Ct. App. 1978); *Mosley* v. *State ex rel. Broward County,* 363 So. 2d 172 (Fla. Dist. Ct. App. 1978).

2. The claimant protests on constitutional grounds that there was too long an interval between the seizure and commencement of the forfeiture action. (He does not complain of the interval from initiation of the action to hearing.[1]) Here, as in *One 1976 Cadillac DeVille, supra,* we reject the contention that fourteen days should be held to be the permissible limit of time between seizure and commencement of the suit for forfeiture. Applying a reasonable measure instead, we find the case a close one. The three-month delay to June 23, 1978, remains unexplained on the part of the Commonwealth. Although less extensive than delays that have been tolerated in other cases decided on a principle of reasonableness,[2] the delay here might have invalidated the proceedings if the claimant had made an effort to register objection. See *One 1976 Cadillac DeVille, supra* at 421. We take it the claimant was aware of the seizure on March 24, the day of his arrest, but he was not heard from through the interval to the commencement of suit. Evidently he was content to let the forfeiture action ride along with the criminal prosecution to the time of his guilty plea.

We add that we lend no encouragement to the Commonwealth to wait to be pushed by claimants. Such an attitude will not avail the Commonwealth in the end. It should in-

---

[1] Perhaps the claimant recognizes that after the action was lodged in court he could readily have applied for hearing, but did not. The judge made a specific finding below that the claimant "has never requested an earlier hearing."

[2] See *United States* v. *One 1973 Dodge Van,* 416 F. Supp. 43 (E.D. Mich. 1976) (six months); *United States* v. *One 1973 Buick Riviera,* 560 F.2d 897 (8th Cir. 1977) (five months). Other Federal cases have had longer delays, although in a setting of concurrent administrative activity. See *Commonwealth* v. *One 1976 Cadillac DeVille Auto., supra* at 421 n.15 (1980).

stitute these proceedings and carry them through with reasonable dispatch. The result in the present case is justified only because of the claimant's complete fecklessness matching the Commonwealth's during the three-month period.

*Judgment affirmed.*