### 36776. TANT et al. v. THE STATE.

MARSHALL, Justice.

This is an action by the state to condemn an automobile which was seized after allegedly having been used to transport methaqualone, a controlled substance. Code Ann. § 79A-807 (e) (1) (Ga. L. 1974, pp. 221, 235; as amended). See generally, Code Ann. § 79A-828 (Ga. L. 1974, pp. 221, 258; 1975, pp. 919, 920; 1979, pp. 879-881). The appeal from the order of condemnation raises the issues of the constitutionality of the condemnation statute and the sufficiency of the evidence.

1. It is contended that Code Ann. § 79A-828, pursuant to which

the vehicle was condemned, is violative of the due process, equal protection, privileges and immunities, and seizures provisions and clauses of the Georgia and United States Constitutions, in that it "does not provide for notice of hearing, opportunity to be heard, hearing and judicial determination as to the status of said property as contraband, the forfeitability of the same, the condemnability of the same, or the legality of the seizure, holding, and forfeiture prior to the doing of the same." It is further argued that the statute provides in effect that said property may be held for at least 40 days without any hearing or opportunity to be heard as to the owner of the property.

In *State of Ga. v. Bailey,* 233 Ga. 795 (213 SE2d 661) (1975), this court upheld, against a similar attack, the constitutionality of a similar statute, former Code Ann. § 79A-905 (b) (Ga. L. 1967, pp. 296, 346; 1970, pp. 463, 464; repealed by Ga. L. 1974, p. 221). After noting that Code Ann. § 79A-828 (e) (the statute attacked in the case sub judice) is "a slightly different version of this notice provision," the court held as follows: "Procedural due process of law does not require a 'preseizure' hearing in cases of contraband condemnation. See Calero-Toledo v. Pearson Yacht Leasing Co., 416 U. S. 663 (94 SC 2080, 40 LE2d 452). And all that procedural due process of law requires in 'post-seizure' cases is notice and a hearing at which the owner or other party having an interest to be protected can appear ánd present his claim to the property being condemned. Twenty days' notice, or any other stipulated period of time, is not constitutionally required. All that is required by due process of law is that the affected party have reasonable notice and a reasonably fair opportunity for a hearing before the vehicle or other property is forfeited for a violation of the law." Id., p. 797.

Code Ann. § 79A-828 (b) (4) provides that seizure of property subject to forfeiture may be made without process or warrant if "the chief drug inspector, agents, drug inspectors or police officers as set forth in subsection (b) of this section has probable cause to believe that the property was used or is intended to be used in violation of this Chapter." Subsection (e) of this statute requires the reporting of the fact of seizure within 10 days to the district attorney, who has 30 days within which to file a libel for condemnation. It further provides that "[a] copy of said libel shall be served on the owner or lessee, if known, and if the owner or lessee is unknown, notice of such proceedings shall be published once a week for two weeks in the newspaper in which the sheriff's advertisements are published. At the expiration of 30 days after such filing, if no claimant has appeared to defend said libel, the court shall order the disposition of said seized merchandise as provided herein."

The statute in question in *Bailey,* 233 Ga. 795, supra (former

Code Ann. § 79A-905 (b)), provided that the owner should be served with a copy of process at the time of seizure, which we interpreted to mean that "seizure" is not legally effected until process has been served upon the owner of the property seized. The statute presently under consideration, however, permits seizure under specified circumstances without a hearing, which we stated to be constitutional in *Bailey,* supra, citing the U. S. Supreme Court case. The post-seizure process provided by § 79A-828 (e) gives the owner 30 days (10 days longer than the time approved in *Bailey,* supra) within which to interpose his claim opposing forfeiture to the state. We reiterate that *Bailey* held that no stipulated period of time for notice is constitutionally required.

Both federal and state statutes similar to our statute — many of which having longer periods of delay before the necessity of instituting forfeiture proceedings than ours — have been upheld against constitutional attacks. See, e.g., United States v. One Motor Yacht, 527 F2d 1112, 1114 (1st Cir. 1975) (12 1/2-month delay); United States v. One 1973 Dodge Van, 416 FSupp. 43 (E. D. Mich. 1976) (6-month delay); United States v. One 1973 Buick Riviera Auto., 560 F2d 897 (8th Cir. 1977) (5-month delay); Kirkland v. State, 340 S2d 1121 (Ala. Civ. App. 1976); State v. A 1971 Datsun, 353 A2d 129 (N. J. Super. 1976); Mosley v. State, 363 S2d 172 (Fla. App. 1978); State v. Franzer, 364 S2d 62 (Fla. App. 1978); Winstead v. State, 375 S2d 1207 (Ala. Civ. App. 1979); Commonwealth v. One 1976 Cadillac DeVille Auto., 403 NE2d 935 (Mass. 1980); Commonwealth v. One 1977 Cadillac Eldorado Auto., 403 NE2d 942 (Mass. 1980).

We conclude, as we did in *Bailey,* supra, p. 797, that "this statute affords adequate notice and an adequate hearing so as to comport with due process of law as required by the Federal Constitution and the Georgia Constitution." We note also that, in the instant case, similarly to *Bailey,* the fact that the owner of the property sought to be condemned had adequate notice and an opportunity for hearing, is apparent from the facts of his timely filing of a response to the condemnation petition and his presentation of oral testimony at the hearing.

2. There was evidence, though conflicting, that the accomplice, after overhearing appellant Billy Joe Tant, Jr., discussing Quaaludes or "Lemmons" over the telephone, rode with Tant in the latter's automobile to a prearranged rendezvous point for a sale of a bag of Quaaludes to two state drug enforcement undercover agents. The accomplice testified that, while en route, Tant had placed the paper bag on the passenger seat beside the the accomplice, who looked at its contents and saw plastic bags containing white pills engraved "Lemmon 714," which he identified from previous experience as

Quaaludes. The pills were sold to the agents, who then arrested Tant and his accomplice and seized Tant's car. The testimony of the accomplice was corroborated by state's witness Spradley, an investigator with the sheriff's department, who was backing up the two undercover agents during the arrest and who testified that there were two persons in Tant's car and that the pills as above described were in the possession of the agents immediately following the arrest of the two.

The seized pills were submitted to the State Crime Laboratory for drug identification, and the report of the crime lab was admitted in evidence. The report described the evidence as "numerous white tablets inscribed 'Lemmon 714,' " and the results were "positive for methaqualone."

The above evidence was sufficient to show probable cause to believe that the vehicle was used in violation of Code Ch. 79A-8, so as to authorize its seizure without process or warrant pursuant to Code Ann. § 79A-828 (b) (4), and to sustain the finding that the vehicle in question had been used or intended for use in transporting a controlled substance (methaqualone.[1] Code Ann. § 79A-807 (e) (1)) for the purpose of sale. Code Ann. § 79A-828 (a) (4). Accordingly, the order of condemnation is affirmed.

*Judgment affirmed. All the Justices concur, except Gregory, J., not participating.*

DECIDED FEBRUARY 17, 1981 —
REHEARING DENIED MARCH 11, 1981.

*Ben Lancaster,* for appellants.
*Charles Crawford, District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellee.

---

[1] The Physicians' Desk Reference (33rd Ed., 1979), p. 986, indicates that Quaalude is the trade name of pills, the generic name of which is methaqualone, which pills are produced by Lemmon Pharmacal Co., are white in color, and engraved "Lemmon 714" on the 300-mg. size. It has been held that the generic equivalent of a trade name is not the proper subject of judicial notice. *Elrod v. State,* 143 Ga. App. 331 (2) (238 SE2d 291) (1977) and cits. However, the testimony as to the trade name, Quaaludes, in this case was sufficiently connected with the generic equivalent, methaqualone, by the description of the pills, or tablets, by the witnesses and by the crime lab report.