38887. PALMER et al. v. THE STATE.

GREGORY, Justice.

On November 1, 1981 appellant contacted R. P. Dillon, an investigator and undercover police officer with the DeKalb County Police Department, indicating she had 15 grams of cocaine she would be willing to sell him. Dillon agreed to make the purchase and promised to call appellant the following day to arrange a location for the sale. On November 2, Dillon checked into a local motel where he was to meet appellant during the mid-morning hours. When appellant failed to appear at the appointed time, Dillon contacted her to determine whether she still wished to make the sale. Appellant explained that she had been detained because of an earlier

appointment at a methadone clinic, but was currently on her way to meet him. Shortly thereafter Dillon and Officer Huff observed appellant and a male associate sitting outside the motel in the 1982 Oldsmobile which is the subject of this litigation. As the officers motioned to appellant and her friend to follow them, Dillon observed appellant remove a blue metal container from the front portion of the car. Once inside the motel room appellant gave this receptacle to Dillon; it contained approximately 14 grams of cocaine. Thereafter appellant and her companion were arrested by a back-up unit from the DeKalb County Police Department.

On December 1, 1981 the DeKalb County District Attorney's office brought this libel for condemnation pursuant to Georgia Code Ann. § 79A-828 of the Georgia Controlled Substance Act, praying that the 1982 Oldsmobile used to transport the cocaine with which appellant was apprehended be condemned and disposed of according to the procedures set forth in that code section.

Appellant filed a motion to dismiss, challenging the facial constitutionality of Code Ann. §§ 42-813.1, 42-813.4[1] and 79A-828 and alleging that § 79A-828 (j) violates due process because it "rewards the arresting officer with money if he testifies drugs were in the auto."

Relying on *Tant v. State*, 247 Ga. 264 (275 SE2d 312) (1981), the trial court entered an order finding Code Ann. § 79A-828 constitutional on its face. The trial court also found that "§ 79A-828 (j) which provides an informant may be entitled to one-fourth of the proceeds of the sale of the condemned property is not involved in this case."

Following trial the court condemned the automobile and ordered a disposition of the property in accordance with Code Ann. § 79A-828 (f).

(1) (a) Appellant argues that the trial court erred in holding Code Ann. § 79A-828 is constitutional on its face. The trial court correctly found that *Tant v. State*, supra, is dispositive of this issue.

(b) Appellant also contends that the trial court incorrectly concluded Code Ann. § 79A-828 (j) is not involved in this case. That provision states: "Upon an ex parte application of the district

---

[1] Code Ann. § 42-813.1, one of the remaining vestiges of the Uniform Narcotic Drug Act (repealed in part by Acts 1967, pp. 296 et. seq.), provides for the forfeiture of "all vehicles and conveyances . . . used in conveying, removing, concealing or storing any narcotic drugs." Code Ann. § 42-813.4 specifically sets forth certain procedures for condemning a motor vehicle used in violation of Code Ann. § 42-813.1.

attorney or the sheriff of the county in which the property was seized, the court may order an amount not to exceed one-fourth of the proceeds of the sale of property forfeited under the provisions of this section to be paid to any person furnishing information which led to the seizure of said property. The court shall specify the method in which such payment shall be made so as to protect the identity of the informer." Georgia Laws 1979, pp. 879, 881, which added this provision to Code Ann. § 79A-828, states as its purpose "to provide procedures for a portion of the proceeds from the sale of forfeited property to be used to pay informers."

Appellant maintains that Code Ann. § 79A-828 (j) applies to law enforcement officials, encouraging them to make arrests and testify against defendants in narcotic cases for financial gain. This, she alleges, violates due process of law. We do not reach appellant's constitutional argument because we agree with the trial court that Code Ann. § 79A-828 (j) is not applicable to this case.

We find the clear intent of the legislature in enacting this section was to provide a means for obtaining otherwise unavailable information which is frequently vital to law enforcement officials in their attempts to uncover and curtail drug-related activities. While it is true that the statute states that proceeds from the sale of condemned property may be paid "to *any* person furnishing [such] information," we do not think the legislature intended for this section to be applied to law enforcement officials. (Emphasis supplied.) Rather, we find this provision establishes a method of paying for information which might not otherwise be accessible and encourages the cooperation of those persons who would, under other circumstances, be reluctant to report drug activity. Code Ann. § 79A-828 (j) does not apply to a law enforcement officer who, in the performance of his official duty, supplies information leading to the seizure of property which the state may cause to be forfeited under Code Ann. Ch. 79A-8.

The record before us does not indicate that an "informant" as that term is used in Code Ann. § 79A-828 (j), is involved in this case. We, therefore, find no merit in appellant's argument.

We further find that the trial court did not err in refusing to allow appellant to ask Dillon whether Dillon would receive a portion of the proceeds from the sale of her car should the car be forfeited under Code Ann. § 79A-828.

(c) During cross-examination appellant inquired of Officer Dillon, "who the car would be awarded to if it was awarded?" The trial court sustained the State's objection that this question called for a legal conclusion. We agree. Code Ann. § 79A-828 (f) provides for the manner in which property forfeited under this chapter may be

disposed.[2] Officer Dillon would not be authorized to testify to these procedures. *Davies v. Blasingame,* 177 Ga. 450 (170 SE 477) (1933); McCormick, *Evidence,* § 12 (2d Ed. 1972).

(2) Appellant urges that it was reversible error for the trial court to fail to rule on the constitutionality of Code Ann. §§ 42-813.1 and 42-813.4. However, the libel for condemnation was clearly brought pursuant to Code Ann. § 79A-828. Code Ann. Ch. 42-8 is, therefore, not involved in this case; the trial court's failure to rule on its constitutionality was not error.

(3) Appellant alleges that the State failed to establish a chain of custody adequate to preserve the identity of the cocaine with which she was apprehended. Therefore, she maintains, the forensic chemist from the State Crime Lab should not have been permitted to testify that the substance found in appellant's possession was cocaine.

Officer Dillon testified that he accepted the cocaine from appellant and handed it to Officer Huff. The crime lab expert testified that Officer Huff brought the cocaine to him where it remained in his possession until the time of trial. Appellant's argument is apparently premised on the fact that Officer Huff did not testify at trial.

Where the State seeks to introduce evidence of a fungible nature, it need only show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. *Anderson v. State,* 247 Ga. 397, 399 (276 SE2d 603) (1981). We conclude that the State has met its burden in this case. The fact that one of the persons in control of a fungible substance does not testify at trial does not, without more, make the substance or testimony relating to it inadmissible.

(4) Appellant alleges that the evidence shows Dillon pressured her to consummate the illegal transaction after she failed to keep their initial appointment, thereby entrapping her into the commission of a crime. The undisputed evidence indicates that appellant approached Dillon and offered to sell him 15 grams of cocaine; when she did not appear at the appointed time Dillon contacted her to determine if she still wished to sell him the drug. Following this conversation, appellant promptly met Dillon to make the sale. There is no indication that either the idea for the commission of the crime initiated with Dillon or that he induced appellant by

---

[2] This section provides that forfeited property may be (1) retained for official use by any agency of the state; (2) sold or (3) otherwise disposed of in accordance with the law. Money which is forfeited pursuant to § 79A-828 (a) (6) shall be paid into the treasury of the county in which it is found.

undue persuasion or deceitful means to sell the drug to him. We find appellant has failed to demonstrate she was entrapped into committing the crime. *Gregoroff v. State,* 248 Ga. 667 (285 SE2d 537) (1982); Code Ann. § 26-905.

(5) Last, appellant proposes that the 1982 Oldsmobile in which the drugs were transported belonged, not to her, but to Turner Leasing, Inc. (Turner). Several days before appellant's arrest she reached an agreement with Turner to trade in her 1981 Oldsmobile as part of the purchase price for the 1982 automobile which is the subject of this action. Because she had purchased a new automobile from Turner annually "for the last eight or nine years," Turner's owner accepted appellant's excuse that she had forgotten to bring the title to her 1981 automobile when the final trade-in was made. After appellant paid all but approximately $400 of the purchase price, Turner permitted her to take the 1982 model with her on the strength of her promise to return the following day with the title to the 1981 Oldsmobile. Turner has still not received title to the 1981 automobile although the vehicle is now, and has been since the date of sale, in its possession.[3] Appellant maintains that since she still has title to the 1981 automobile and Turner has title to the 1982 Oldsmobile, Turner is the owner of the vehicle sought to be condemned in this action. The trial court found that while appellant held paper title to the 1981 automobile and Turner held paper title to the 1982 automobile, appellant is the actual owner of the 1982 automobile and Turner is the actual owner of the 1981 automobile. We agree. "Upon a transfer of ownership [of an automobile] it is required that the transferor deliver a sworn assignment and warranty of title to the transferee on the certificate of title and until this is done, *except as between the parties,* the transferee obtains no interest in the vehicle. Code Ann. § 68-415a. Title passes, however, when the transferor completes his performance with reference to physical delivery of the goods. Code [Ann.] § 109A-2—401 (2). [Cits.] 'The Motor Vehicle Certificate of Title Act provides an additional method whereby title to motor vehicles can be proven but did not change the existing law as to the manner in which ownership of chattels, including automobiles, can be proven.' *Hightower v. Berlin,* 129 Ga. App. 246 (3) (199 SE2d 335) (1973)." *Canal Ins. Co. v. P & J Truck Lines,* 145 Ga. App. 545, 546 (244 SE2d 81) (1978), overruled on other grounds in 242 Ga. 235, 238 (248 SE2d 635) (1978).

*Judgment affirmed. All the Justices concur, except Hill, C. J.,*

---

[3] On motion Turner Leasing, Inc. was permitted to intervene in this action to determine ownership of the 1982 Oldsmobile.

*who concurs in the judgment only.*

DECIDED NOVEMBER 16, 1982.

Jack Dorsey, for appellants.
Ann Poe Mitchell, Assistant District Attorney, Lewis N. Jones, for appellees.