### 71475. STATE OF GEORGIA v. BATTISE.
(340 SE2d 240)

BIRDSONG, Presiding Judge.

The state appeals from a denial of its libel for condemnation by the trial court. On February 7, 1985, police officer James H. Hieronymus of the Chatham County Metro Drug Squad, observed Willie Battise, Jr., sell a "nickel" bag of a substance thought to be marijuana. Hieronymus met with a confidential informant and used him as a decoy. He searched the decoy for drugs and money and then gave him a $5 bill with which to purchase marijuana. He saw the decoy approach Battise and speak to him. Battise went to the passenger side of a '76 Buick and pulled out a coin envelope from inside of the car and gave it to the decoy. The decoy paid Battise some money. Battise was arrested by the drug squad, consisting of six or seven police officers. The packet purchased by the decoy contained marijuana. Officer Hieronymus testified: "We checked the defendant, searched the defendant, found $131 in cash" and confiscated it. The $5 bill, with the same serial number as that given to the decoy, was found in the money taken from Battise. The car was searched and 16 coin envelopes containing marijuana were found under the passenger's seat in the front of the car. Captain W. R. Freeman signed a letter sent to the district attorney on February 14, 1985, requesting condemnation of the confiscated money. The district attorney's office called Hieronymus to their office on February 20 and he signed an additional condemnation letter.

The state filed a libel for condemnation of the $131 found on Battise. His answer denied the property was "subject to foreclosure pursuant to OCGA § 16-13-49." The trial court agreed and denied condemnation on the basis that "the report made to the District Attorney was by someone other than the sheriff, drug agent, or law enforcement officer seizing the same." The state brings this appeal. *Held*:

Our code requires that when property is seized for condemnation that "the sheriff, drug agent, or law enforcement officer seizing the same shall report the fact of seizure, within ten days thereof, to the

district attorney of the judicial circuit having jurisdiction in the county where the seizure was made." OCGA § 16-13-49 (e). The Georgia code also gives guidance that "[a] substantial compliance with any statutory requirement, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by law." OCGA § 1-3-1 (c). There is no express provision in OCGA § 16-13-49 providing for want of validity because of non-compliance with any provision.

On a similar question, the Supreme Court held: " 'Where a statute directs the doing of a thing in a certain time, without any negative words restraining the doing of it afterwards, generally the provision as to time is directory, and not a limitation of authority; and in such case, where no injury appears to have resulted, the fact that the act was performed after the time limited will not render it invalid.' " *O'Neal v. Spencer*, 203 Ga. 588 (2) (47 SE2d 646).

This statute sets forth the process for a condemnation and "all that procedural due process of law requires in post-seizure cases is notice and a hearing at which the owner or other party having an interest to be protected can appear and present his claim to the property being condemned." *Tant v. State*, 247 Ga. 264, 265 (275 SE2d 312); accord *State of Ga. v. Bailey*, 233 Ga. 795, 797 (213 SE2d 661). Statutes directing a mode of proceeding by public officers, which are designated to promote the method, system uniformity, and dispatch in such proceeding, will be regarded as directory only if a disregard thereof will not injure the rights of the parties, and the statute does not declare what result shall follow non-compliance therewith, nor contain negative words importing a prohibition of any other mode of proceeding than that prescribed. *Collins v. Nix*, 125 Ga. App. 520, 524 (188 SE2d 235).

The condemnation statute set forth a process for condemnation and did not declare that non-compliance would negate the procedure. Hence, the wording was directory rather than mandatory, and there was substantial compliance by the supervisor of the seizing officer signing the letter rather than the officer actually seizing the money. Further, there was late compliance by Officer Hieronymus signing the letter notifying the district attorney of the seizure.

No harm was shown to have resulted by the supervisor rather than the seizing officer signing the letter to the district attorney. Battise was fully aware of the person making the seizure as he was present and the money was taken from his person. We find no substantial error in the procedure followed.

*Judgment reversed. Carley and Sognier, JJ., concur.*

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellant.
*Roy L. Allen II,* for appellee.