COMMONWEALTH *vs.* ONE 1978 KETCH NAMED
"SNOW WHITE."

Norfolk.  September 8, 1986. — January 15, 1987.

Present: GREANEY, C.J., BROWN, & FINE, JJ.

*Practice, Civil,* Forfeiture proceeding. *Due Process of Law,* Forfeiture
proceeding. *Vessel,* Forfeiture.

In an action by the Commonwealth pursuant to G. L. c. 94C, § 47, seeking
forfeiture of a vessel, there was sufficient evidence to warrant findings
that the vessel, at the time of seizure, was being used in the distribution
of marihuana and that the claimant knew or should have known the
purposes for which it was being used. [401]
A postcomplaint delay of twenty-five months in the adjudication of a forfei-
ture proceeding violated no due process right of the claimant, where
twenty-two months of this period had elapsed before the claimant moved
for trial, where the claimant had specifically assented to both of the
Commonwealth's motions for continuances, and where no prejudice to
the claimant was shown. [401-402]

CIVIL ACTION commenced in the Superior Court Department
on August 11, 1983.

The case was heard by *William C. O'Neil, Jr., J.*

*Leo T. Connors* of Rhode Island (*Patricia A. Sullivan* with
him) for Jon Dunaj.

*Charles J. Hely,* Assistant District Attorney, for the Com-
monwealth.

BROWN, J. Jon Dunaj, the claimant, appeals from a judgment
of the Superior Court ordering the forfeiture of a ketch ("Snow
White") to the Commonwealth pursuant to G. L. c. 94C, § 47.
The owner contends that the Commonwealth's postcomplaint
delay in the adjudication of the forfeiture action violated his
constitutional right to due process and his statutory right to a
prompt hearing (see G. L. c. 94C, § 47[*d*]). The claimant
further challenges the trial judge's finding that he (Dunaj) knew

or should have known that the ketch was used to distribute marihuana. See G. L. c. 94C, § 47(c) (3).

The procedural history is as follows. On August 5, 1983, the defendant ketch was seized by the Quincy police department. A complaint for forfeiture of the vessel was filed in the Superior Court on August 11, 1983, and a preliminary order authorizing the Commonwealth to detain it was entered the same day. Dunaj filed an answer on August 29, 1983. On November 13, 1984, the Commonwealth's motion for a speedy trial was allowed. On December 19, 1984, the Commonwealth moved for a continuance of the trial date from January 7, 1985, to March 11, 1985. Dunaj assented to this continuance. On April 11, 1985, the Commonwealth moved for summary judgment; this was denied on April 29, 1985. On April 24, 1985, the Commonwealth moved for a second continuance, again assented to by the claimant. The case was then assigned to the June list. The claimant, on June 3, 1985, moved for a speedy trial, a motion which was unopposed by the Commonwealth. The case was assigned to the September jury-waived trial list and the trial began on September 13, 1985. The trial judge denied the claimant's motion to dismiss, unpersuaded by the argument that dismissal was required because of prejudicial delay. The trial judge rendered his findings, rulings and judgment on January 28, 1986.

The judge made the following findings. Dunaj purchased the "Snow White" in June, 1981, for $130,000. At that time, Dunaj was an unemployed school teacher receiving workers' compensation for a back injury. Dunaj made a down payment of $13,000 in cash and paid the balance in cash ($110,000) made up of $100 bills, and with a check for $7,000 which was to be held in escrow. Dunaj told the seller that he intended to use the boat for charter purposes. Prior to the purchase, Dunaj was aware that the boat's hull was made in Taiwan and that at the time the use of a foreign made hull was forbidden for charter purposes. Dunaj, who was not experienced as a sailor, signed on John and Cynthia Turner as master and first mate and assembled a crew. On or about October, 1981, Dunaj and the crew cast off for the Caribbean by way of Bermuda. During

this trip, Dunaj produced and used cocaine and marihuana.[1] Dunaj informed the Turners that the charter business was only a "front," that he would provide charter parties for his friends, and that the vessel would be used to transport cocaine from the islands to the Georgia coastline. Dunaj further discussed the possibility of secreting cocaine in the open space in the bilge.

During the winters of 1981 and 1982, the vessel remained in the United States Virgin Islands. "No chartering was carried out" during that time. Dunaj engaged a pilot to return the vessel to Rhode Island. The boat was later found, having run aground, in Quincy Harbor, its waterline exposed and its cabin filled with 185 bales of marihuana.

Based on these findings, for which there is ample support in the evidence, the judge's conclusion that the vessel at the time of seizure was being used in the business of unlawfully distributing marihuana and that Dunaj knew the purposes for which it was being used and "most certainly should have so known" was not "clearly erroneous." *Commonwealth* v. *One 1976 Cadillac DeVille Auto.*, 380 Mass. 411, 416 (1980). See Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974).

The claimant does not challenge the time which elapsed between the seizure and the commencement of the forfeiture proceedings.[2] Rather, he complains of the twenty-five month interval from the initiation of the action to the date of the hearing.

General Laws c. 94C, § 47(d), reads in pertinent part that in forfeiture proceedings the court shall "promptly . . . hold a hearing on the petition." Regarding such actions, the Commonwealth has a duty to institute proceedings and carry them through with reasonable dispatch. *Commonwealth* v. *One 1977 Cadillac Eldorado Auto.*, 380 Mass. 423, 426-427 (1980).

---

[1] At trial Dunaj denied any such use.

[2] See *United States* v. *Eight Thousand Eight Hundred & Fifty Dollars in U.S. Currency*, 461 U.S. 555, 564 (1983) (test for determining whether proceeding was commenced within constitutionally permissible time limits is that applied in determining right to speedy trial).

Commonwealth v. One 1978 Ketch Named "Snow White."

It is questionable whether twenty-five months would qualify as "reasonable dispatch." In its justification of this amount of time, the Commonwealth attempts to place the blame on the recognized clog of civil cases in the Superior Court. However, the Commonwealth was itself responsible for several months of delay, having twice moved for continuances.

Although recognizing that the Commonwealth should not wait to be pushed by claimants, *One 1977 Cadillac Eldorado Auto., supra* at 426, the Supreme Judicial Court has imposed some responsibility on the claimant. Some "current, definite reaction by the claimant to governmental delay may be demanded if he is later to complain of it." *One 1976 Cadillac DeVille Auto., supra* at 421. Further, once the action has been initiated, the claimant may readily apply for a hearing. *One 1977 Cadillac Eldorado Auto., supra* at 426 n.1. Twenty-two months had elapsed before the claimant made a "definite reaction" in the present case, i.e., moving for a speedy trial. Furthermore, the claimant specifically assented to both of the Commonwealth's motions for continuances. Cf. *Commonwealth* v. *Dabrieo,* 370 Mass. 728, 737 (1976); *Commonwealth* v. *McDonald,* 21 Mass. App. Ct. 368, 374 (1986).

As in the case of *One 1977 Cadillac Eldorado Auto., supra* at 427, the claimant's own "fecklessness" parallels the Commonwealth's. Moreover, there has been no showing that the claimant may have been prejudiced by the delay.[3] See *United States* v. *Eight Thousand Eight Hundred & Fifty Dollars in U.S. Currency,* 461 U.S. 555, 569 (1983). Accordingly, despite the delay attributable to the Commonwealth, in light of the claimant's inadequate reactions to (and even acquiescence in) the delay, the forfeiture proceeding was valid.

*Judgment affirmed.*

---

[3] Dunaj has not alleged that the delay affected his ability to defend on the merits against the forfeiture. See *Ivers* v. *United States,* 581 F.2d 1362, 1373 (9th Cir. 1978).