76266. PACK et al. v. STATE OF GEORGIA.
(369 SE2d 530)

BEASLEY, Judge.

The State condemned $43,808.56 in currency belonging to Pack and Reuben which was seized by drug agents when the two were arrested and charged with possession of controlled substances. Pack and Reuben appeal the overruling and denial of their Motion to Set Aside Order of Forfeiture and Motion for New Trial. The basis of the motion and appellants' sole contention on appeal is that publication of the forfeiture proceedings for two weeks in a newspaper with local circulation in Lowndes County, as provided for in OCGA § 16-13-49 (e), was insufficient notice to them as out-of-state residents so as to be violative of the due process provisions of the state and federal constitutions.

On its face, the statute " 'affords adequate notice . . . so as to comport with due process of law as required by the Federal Constitu-

tion and the Georgia Constitution.' " *Tant v. State*, 247 Ga. 264, 266 (1) (275 SE2d 312) (1981). See also *Lang v. State*, 168 Ga. App. 693, 695 (2) and (3) (310 SE2d 276) (1983); *Palmer v. State*, 250 Ga. 219, 220 (1) (a) (297 SE2d 22) (1982). Therefore, the only question remaining is whether or not the notice provision was unconstitutionally applied.

Not only did the State publish notice of the proceedings as required under OCGA § 16-13-49 (e), but it also attempted personal service on the defendants as well. The addresses at which the State attempted personal service were supplied by the defendants themselves to the drug agents at the time of arrest. Pack could not be served at the Ohio address he had given because he was not known at that address. The process server made twelve attempts to serve Reuben at the Florida address he had given.

Appellants compare their situation to that in *Robinson v. Hanrahan*, 409 U. S. 38 (93 SC 30, 34 LE2d 47) (1972), but it is dissimilar. In *Robinson*, the State mailed notice of the forfeiture proceeding to the defendant's home even though the State knew that the defendant was in jail. The notice was deemed not reasonably calculated to apprise the defendant of the proceedings and thus violative of due process. Here, by their own statements, defendants had been released on bond at the time that the district attorney received notification of the seizure of the money, and the State went beyond what was required by the statute in attempting to directly notify defendants of the proceedings. Whereas in *Robinson* the State *knew* where the property owner was when it sent notice elsewhere, in the present case the State's knowledge was based on the information supplied by the property owners themselves, which it relied on to effect notice. Due process was not offended by the application of the notice provisions of OCGA § 16-13-49 (e) in this case, under either constitution.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED MAY 19, 1988.

*J. Converse Bright*, for appellants.
*H. Lamar Cole, District Attorney, Robert T. Gilchrist, Assistant District Attorney*, for appellee.