## A90A1555. BROWN v. THE STATE.
(398 SE2d 842)

BEASLEY, Judge.

Defendant appeals his convictions of possession of marijuana and possession of cocaine. OCGA §§ 16-13-2 and 16-13-30. He enumerates as error the admission of the State's exhibits one through six on the grounds that the chain of this evidence was not linked to him. He further contends that the trial court erred in denying his motion for directed verdict and that the evidence was insufficient to sustain the verdict.

1. According to the State's witness, exhibits one through six, identified as marijuana or cocaine or as containing those substances and items used in inhaling those drugs, were seized in a search in which defendant and a co-defendant, who had been sitting in a car, were arrested. Defendant objected to this physical evidence, contending that other evidence was also seized at the same time and confused, so that the State did not establish that the inculpatory evidence was his rather than his co-defendant's.

The officer who arrested defendant testified that he seized the exhibit items as a result of a personal search of defendant. The items were enumerated as including 21 ziplock bags containing traces of suspected cocaine, plus two envelopes containing green leafy material, matchboxes containing burned wire mesh (used to filter cocaine smoke), disposable lighters and a pipe. The officer kept these marked items in his evidence locker and then transported them to the Crime Lab in Moultrie. A chemist at that laboratory, testifying as an expert, related that he received the marked items from the arresting officer and marked them for identification himself. He kept them in his evidence locker until the trial, except for the period when he tested them and found the presence of cocaine and marijuana.

"Where the State seeks to introduce evidence of a fungible nature, it need only show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or sub-

stitution." *Palmer v. State*, 250 Ga. 219, 222 (3) (297 SE2d 22) (1982). The State is not required to exclude every possibility of tampering or misidentification. *Ledesma v. State*, 251 Ga. 487, 489 (6) (306 SE2d 629) (1983). Although defendant's testimony contradicted in part the State's evidence on this issue, the State did not, as a matter of law, fail to meet its burden.

2. The latter two enumerations raise essentially the same issue, whether a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). The evidence was sufficient so that a rational trier of fact could find proof beyond a reasonable doubt of defendant's guilt of the crimes charged. *Smith v. State*, 188 Ga. App. 386, 387 (373 SE2d 77) (1988).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 14, 1990.

*Michael L. Bankston*, for appellant.

*J. Brown Moseley, District Attorney, Donald E. Henderson, Assistant District Attorney*, for appellee.