## S90G1544. GEORGIA DEPARTMENT OF HUMAN RESOURCES et al. v. PEEKS et al.

(403 SE2d 36)

BELL, Justice.

We granted certiorari in this case, *Peeks v. Dept. of Human Resources*, 196 Ga. App. 562 (396 SE2d 511) (1990), to consider whether the Court of Appeals correctly held that a factual issue remained regarding whether Dr. Patel, the Chief Medical Officer of Northwest Georgia Regional Hospital (hereafter the hospital), acted in good faith compliance with the statutory discharge provisions of Chapter 3 of Title 37 regarding the discharge of David Crawford. We conclude that the Court of Appeals erred in holding that a factual issue remains.

Several provisions of Chapter 3 of Title 37 are relevant to this case.[1] Under OCGA § 37-3-4, Dr. Patel is entitled to immunity in this civil action if he acted in good faith compliance with the discharge provisions of Chapter 3 of Title 37. OCGA § 37-3-21 provides that the chief medical officer of a state hospital may discharge voluntary patients under certain conditions. Finally, OCGA § 37-3-1 (1) provides that a chief medical officer may appoint in writing a physician to act as his designee.

Dr. Patel did not personally discharge Crawford. Instead, Dr. Patel orally appointed Dr. Siedlecki to act as Crawford's primary treating physician, and Dr. Siedlecki discharged Crawford. Dr. Siedlecki's conduct was consistent with a policy of the hospital to allow a primary treating physician to discharge his or her patients.

The Court of Appeals found a question of fact whether Dr. Patel acted in good faith with the discharge provisions of § 37-3-21, first, because Dr. Patel did not appoint Dr. Siedlecki in writing to act as chief medical officer for purposes of discharging Crawford, and, second, because the Court of Appeals interpreted § 37-3-21 to preclude a primary treating physician such as Dr. Siedlecki from making a discharge determination regarding his patients even if he had been appointed in writing to do so pursuant to § 37-3-1 (1).

We conclude that Dr. Patel acted in substantial compliance with § 37-3-1 (1), and that a primary treating physician can act as chief medical officer for purposes of discharging his or her patients. For these reasons we conclude no question of fact exists regarding whether Dr. Patel acted in good faith compliance with the discharge provisions of Chapter 3 of Title 37.

1. First, we address whether a primary treating physician may act as a chief medical officer for purposes of discharging a patient. The Court of Appeals interpreted § 37-3-21 to require "an administrative

---

[1] The facts of this case are set out in the Court of Appeals' opinion, and will not be reiterated in full now.

determination that [a patient's] discharge would be safe for the public as well as the patient." *Peeks*, supra, 196 Ga. App. at 565. The Court thus interpreted § 37-3-21 as precluding the chief medical officer from appointing a patient's primary treating physician to make that patient's discharge determination.

We disagree with the Court of Appeals' interpretation. No provision in Chapter 3 of Title 37 expressly prevents a treating physician from acting as chief medical officer for purposes of discharging his or her patients. In fact, § 37-3-21, read in pari materia with § 37-3-1 (1), permits such a designation. Under § 37-3-1 (1) the only limit placed on the chief medical officer's authority to designate someone to act as his designee is that the designee be a physician. Thus, the language of § 37-3-1 (1) on its face permits a chief medical officer to appoint a patient's primary treating physician to act as chief medical officer for purposes of discharging a patient. Moreover, as a primary treating physician would be the best qualified physician at a hospital to make the discharge determination required by § 37-3-21, we conclude it is reasonable to permit a primary treating physician to act as chief medical officer for purposes of the discharge of his or her patients.

2. We next examine whether Dr. Patel's failure to appoint Dr. Siedlecki in writing to act as chief medical officer creates an issue of fact whether Dr. Patel acted in good faith with the discharge provisions. We conclude that Dr. Patel substantially complied with § 37-3-1 (1), and hold that Dr. Patel's failure to appoint Dr. Siedlecki in writing does not create an issue of fact regarding Dr. Patel's good faith compliance.

The requirement of making an appointment in writing is merely a mode of procedure. Moreover, Dr. Patel's non-compliance with the writing requirement created no harm, as the appointment of Dr. Siedlecki as primary treating physician and Dr. Siedlecki's subsequent discharge of Crawford pursuant to hospital policy accomplished the same result as a written appointment. Finally, § 37-3-1 (1) does not provide that the failure to make the appointments in writing will vitiate such appointments. Accordingly, we conclude that the designation of Dr. Siedlecki was in substantial compliance with the writing requirement of § 37-3-1 (1). See OCGA § 37-3-1 (c); *State v. Battise*, 177 Ga. App. 583 (340 SE2d 240) (1986). We therefore hold that Dr. Patel's failure to make the appointment in writing does not indicate a lack of good faith.

*Judgment reversed. All the Justices concur, except Benham, J., who concurs in the judgment only.*

DECIDED MARCH 7, 1991 —
RECONSIDERATION DENIED MARCH 27, 1991.

*Hicks, Maloof & Campbell, Bruce M. Edenfield,* for appellants.
*William Q. Bird, Smith, Shaw, Maddox, Davidson & Graham, C. Wade Monk III, Robert K. Finnell,* for appellees.
*Alston & Bird, Ruth H. Gershon, Jack S. Schroder, Jr., Troutman, Sanders, Lockerman & Ashmore, H. Carol Saul, Rutledge Q. Hutson,* amici curiae.