A95A2396. HULSEY v. THE STATE.
(467 SE2d 610)

McMURRAY, Presiding Judge.

Defendant was charged in an indictment with a single violation of the Georgia Controlled Substances Act, in that she did unlawfully "acquire and obtain possession of a controlled substance, to wit: DARVOCET/N-100 (DEXTROPROPOXPHENE [sic], SCHEDULE

IV) by misrepresentation, fraud, forgery, deception, and subterfuge by ALTERING A PRESCRIPTION. . . .'' At defendant's jury trial, her neurosurgeon; Carl Joseph Herring, M. D., testified he prescribed controlled substances for her, including four prescriptions "for Darvocet N-100." Dr. Herring described Darvocet N-100 as a pain reliever that is addictive. "I would say mild to medium." "Darvocet N-100 implies a certain strength of propoxyphene," and Dr. Herring prescribed 40 pills at a time. His prescriptions were issued several months apart from each other. Dr. Herring "never prescribed 90 units of Darvocet N-100." The most he has prescribed at one time is "60." Dr. Herring identified his assistant's handwriting on the prescription at issue, authorizing 40 Darvocet N-100 units with "zero refills[, . . . to which Dr. Herring] affixed [his] signature to the . . . completed prescription." Dr. Herring then identified State's Exhibit 2 as "the original of the prescription from May 2nd, 1994, with several alterations on it. It's been cut in half, I believe, and spliced together. There's a stamp on it that says approved . . . and there's — the quantity appears now to read '90.' " Dr. Herring confirmed that this did not "match either the number or the writing on [his duplicate] original." Defendant did not request Dr. Herring to increase the number of units prescribed and Dr. Herring did not authorize anyone to alter the number prescribed. Charles Q. Blackwell, the licensed pharmacist with the Floyd County Medical Center, identified State's Exhibit 2 as a prescription for Darvocet N-100 for which he attempted to verify the quantity, because it "appear[ed] to have been altered." He was informed that the correct quantity was 40. Acting on the instructions of his supervisor and also the Rome City Police, Charles Q. Blackwell "actually put 90 units of the Darvocet N-100 tablets into a container[.]" This was done with the understanding that, if defendant returned to claim the prescription, "she was to be detained by security." The label of that prescription as filled and made out by Charles Q. Blackwell reads: "PROPOXY-N/APAP 100-650 TAB." Defendant did come back to pick up the prescription, and Charles Q. Blackwell summoned the police. "[W]hen she turned to go down the hall, . . . they were right there with her." Charles Q. Blackwell testified that Darvocet N-100 "has propoxyphene and it also has acetaminophen in it." With regard to dextropropoxyphene, he specified that "Propoxyphene Napsylate is the generic name." Officer Chris Arrington of the Rome City Police Department responded to the alert that defendant had returned to the medical center. He "allowed the transaction to go ahead and take place, and . . . waited down the hallway. And when [defendant] walked away from the pharmacy area," he arrested her. She had the filled prescription on her person.

The jury found defendant guilty. Her motion to "set aside the jury verdict . . ." was denied and this appeal followed. *Held*:

In her sole enumeration of error, defendant contends the trial court erred in denying her motion for directed verdict of acquittal "due to the State's failure to link the drug listed in the Indictment (Darvocet) with the actual listed Schedule IV drug (Dextropropoxyphene)." We disagree.

Defendant correctly argues that mere proof of a trade name for a controlled substance is insufficient evidence to sustain a conviction under the Georgia Controlled Substances Act. *Elrod v. State*, 143 Ga. App. 331 (2) (238 SE2d 291). OCGA § 16-13-28 (a) (9) specifies "Dextropropoxyphene" as a Schedule IV controlled substance, and that is the controlled substance alleged in this indictment. Dorland's Illustrated Medical Dictionary (24th ed. 1965) defines propoxyphene as "dextropropoxyphene." For purposes of the Georgia Controlled Substances Act, dextropropoxyphene and propoxyphene are chemically identical analgesics. In the case sub judice, the evidence showed that Darvocet N-100 is propoxyphene with acetaminophen and dextropropoxyphene is "Propoxyphene Napsylate." In the absence of any countershowing, this circumstantial evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's determination that the 90 Darvocet N-100 tablets defendant fraudulently obtained were in fact the controlled substance dextropropoxyphene as alleged in the indictment, beyond any reasonable doubt. The enumeration of the general grounds is without merit.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED FEBRUARY 1, 1996.

*Steven Bennett*, for appellant.

*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.